IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
- DALLAS DIVISION -

| | | |
|---|---|---|
| DUSTIN ALAN ROWLAND, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| SOUTHWESTERN CORRECTIONAL, LLC, | § | Civil Case No._____ |
| d/b/a LASALLE  CORRECTIONS, LLC, and | § | |
| d/b/a LASALLE SOUTHWEST CORRECTIONS, | § | |
| LASALLE MANAGEMENT COMPANY, LLC, | § | JURY DEMANDED |
| STACEY KING, MARK JOHNSON, | § | |
| FANNIN COUNTY, TEXAS, and JOHN DOES | § | |
| 1-5, and JANE DOES 1-5, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT - JURY DEMANDED

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Dustin Alan Rowland, Plaintiff, hereby files this his Original Complaint-Jury Demanded, and complains of Southwest Correctional, LLC d/b/a LaSalle Corrections, LLC, and d/b/a LaSalle Southwest Corrections, LaSalle Management Company, LLC, Stacey King, Mark Johnson, Fannin County, Texas, and  John Does 1-5, and Jane Does 1-5, as Defendants, and allege as follows:

### INTRODUCTION AND STATEMENT OF CLAIMS

1. Dustin Alan Rowland is a pretrial detainee, presently being held on criminal charges in Cause No.3:18-cr-00324-M-3, styled *United States v. Dustin Alan Rowland*, pending in the United States District Court for the Northern District of Texas-Dallas Division, Hon. Barbara M.G. Lynn, Chief Judge, presiding.  He was arrested in August, 2018, and entered into a plea agreement filed on June 26, 2019.  He was transferred to the Fannin County Detention Facility pending sentencing,

**PLAINTIFF'S ORIGINAL COMPLAINT - JURY DEMANDED**                                    **Page 1**

and has been repeatedly denied critical medical care while being detained therein.  At all material times has been subject to the jurisdiction and control of this District and Division, Judge Lynn presiding.

2.      While a pre-trial detainee, Rowland was injured in an inmate fight.  Beginning shortly thereafter, he began experiencing pain in his abdomen, which has been diagnosed as an umbilical hernia.  Despite making numerous verbal complaints, and filling out required forms giving written requests for medical care, Defendants have failed and refused to provide Rowland with the required medical care, namely surgery to correct the painful hernia.  As a result, Rowland has suffered severe pain in his abdomen for over a year and a half, and has been refused surgery despite doctor's recommendation for surgical treatment.  Unfortunately, such failure and refusal to provide critically needed medical care is standard operating procedure for detention facilities being operated by Defendants Southwest Correctional, LLC d/b/a LaSalle Corrections, LLC, and d/b/a LaSalle Southwest Corrections, LaSalle Management Company, LLC, as will be detailed below.

3.      At the present time, Rowland is scheduled for sentencing before Hon. Barbara M.G. Lynn, Chief Judge, on June 17, 2020.  His whereabouts and term of sentence will then be determined at such time.  To the extent that the Fannin County Defendants retain any control over Rowland thereafter, Plaintiff demands that they be ordered to provide all necessary medical treatment immediately.  To the extent that Rowland is transferred elsewhere, he requests immediate medical treatment.  In any event, this lawsuit is being filed to recover all actual, consequential, and punitive damages allowable under law of and from the named Defendants.

4.      Although this failure to provide necessary medical treatment for inmates is in and of itself outrageous and indefensible, unfortunately it follows  a series of unnecessary deaths resulting

from the ongoing pattern, practice, custom and policy of LaSalle Corrections to refuse to provide

necessary medical care for inmates, occasioned by deliberate indifference to human life at all levels.

To date, this series of inmate deaths due to inadequate medical care has included at least the

following:

| Name | Age | Date of Death | Location of facility |
| --- | --- | --- | --- |
| Michael G. Hill | 52 | October 18, 2010 | Jefferson County |
| Kyle Franklin Gavard | 48 | January 17, 2011 | Jefferson County |
| Butch Baltrip Silas | 28 | February 28, 2011 | Jefferson County |
| Ivan Allen | 69 | October 30, 2011 | Johnson County |
| Gregory McElvy | 35 | September 15, 2013 | Johnson County |
| Ronald Ray Beesley | 46 | June 2, 2015 | Johnson County |
| Michael Sabbie | 35 | July 22, 2015 | Bowie County |
| Morgan Angerbauer | 20 | July 1, 2016 | Bowie County |
| Denay Lauren Birnie | 27 | November 9, 2017 | Parker County |
| Franklin Greathouse | 59 | March 11, 2019 | Bowie County |

5.      Even more tragically, this series of unnecessary and avoidable inmate deaths is but

the proverbial "tip of the iceberg" reflecting the results of LaSalle's inhumane, cruel, and

unconstitutional treatment of inmates with respect to needed medical care.  The number of inmates

suffering needlessly due to lack of proper medical care is impossible to chronicle.

## PARTIES

6.      Dustin Alan Rowland is currently detained at the Fannin County Detention Facility,

and has been subject to the jurisdiction and control of the Courts in this District, pursuant to Cause

No.3:18-cr-00324-M-3, styled *United States v. Dustin Alan Rowland*, pending in the United States District Court for the Northern District of Texas-Dallas Division, Hon. Barbara M.G. Lynn, Chief Judge, presiding.  His future whereabouts will be determined by such Court at the sentencing hearing scheduled for June 17, 2020.

7.    Defendant Southwestern Correctional LLC d/b/a LaSalle Southwest Corrections ("LaSalle Corrections") is a Texas Limited Liability Company doing business in this District and elsewhere in the State of Texas for the purposes of profit.  LaSalle Corrections, together with Defendant LaSalle Management LLC, operate the Fannin County Detention Facility.  LaSalle Corrections may be served by serving its registered agent, Melissa Marie McConnell at 26228 Ranch Road 12, Dripping Springs, Texas 78620.

8.    Defendant LaSalle Management Company LLC ("LaSalle Management") is a Louisiana Limited Liability Company doing business in this District for the purposes of profit, which is the parent corporation owning and directing LaSalle Corrections.  LaSalle Corrections and LaSalle Management are sometimes collectively referred to herein as "LaSalle."   Although LaSalle Management claims that it is separate and apart from LaSalle Corrections, on information and belief it is aware of the inhumane denials of Constitutional rights by LaSalle Corrections and does nothing to prevent the same, and the profits generated by LaSalle Corrections directly or indirectly benefit LaSalle Management and its shareholders.  On its website, LaSalle Management holds itself and its subsidiary out as one entity, providing detention facilities in a number of locations.  On information and belief, LaSalle Management does not maintain a registered agent in the State of Texas. LaSalle Management may therefore be served through the Texas Secretary of State by certified mail at Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079. The Texas Secretary of State is then

requested to forward service to LaSalle Management's Louisiana registered agent, William K. McConnell, 192 Bastille Street, Suite 200, Ruston, Louisiana 71270.

9.     Defendant Stacey King is the Warden for the Fannin County Detention Facility, and is, on information and belief, employed by LaSalle, in charge of supervising the overall operation of the Fannin County Detention Facility.   As such, she is responsible for all operations at such facility.  She may be served at 2389 Silo Road, Bonham, Fannin County, Texas 75418.

10.     Defendant Mark Johnson is the Sheriff of Fannin County, and may be served at the Fannin County Sheriff's Office, 2375 Silo Road, Bonham, Fannin County, Texas 75418.

11.     Defendant Fannin County, Texas is a Texas County organized and existing under the laws of the State of Texas.  On or about July 24, 2018, Fannin County entered into Facility Operation and Management Agreements for the Operation and Management of the Fannin County Detention Facility (432 beds) and Fannin County Jail (96 beds) by LaSalle Corrections West, LLC to be effective as of September 1, 2018.  Fannin County may be served by serving its County Judge, the Honorable Randy Moore, at Bonham City Hall, 514 Chestnut Street, Bonham, Fannin County, Texas 75418.

12.     Defendants John Does 1-5 and Jane Does 1-5 are placeholder defendants representing presently unidentified individuals, shareholders, and/or agents of Defendants who participated in the illegal activities and conduct alleged herein, or knowingly allowed the same to occur.  Following discovery, they will be replaced with the correct names of the appropriate individuals.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this action pursuant to 42 U.S.C. §§1983 and 1988, 28 U.S.C. § 1331 (federal question), and § 1343 (civil rights). This Court has supplemental

jurisdiction to consider Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because the same are interrelated to the Federal claims, and because 42 U.S.C.§1988 incorporates the Texas Wrongful Death Statute, §71.002, TEX.CIV.PRAC.& REM.CODE.

14.     Venue is proper in this district pursuant to 24 U.S.C. § 1391(b), as Plaintiff was under the control and jurisdiction of this District and Division, and the actions of the Defendants were pursuant to an agreement with the Court and United States Marshal pursuant to the above referenced criminal case.

15.     This Court has personal jurisdiction over LaSalle Corrections and LaSalle Management because each are engaged in business in this district for the purpose of profit.

## BACKGROUND FACTS

16.     In April, 2018, the  previous operator of the Fannin County Detention Center and Fannin County Jail announced that it was terminating its contract with Fannin County.  On or about July 24, 2018, Fannin County entered into Facility Operation and Management Agreements for the Operation and Management of the Fannin County Detention Facility (432 beds) and Fannin County Jail (96 beds) by LaSalle Corrections West, LLC to be effective as of September 1, 2018.  By such contract, Fannin County has sought to delegate all of its authority to comply with Tex. Local Gov't Code §§ 351.001, 351.041, and  its obligations under the United States Constitution and laws, and the LaSalle Defendants assumed such responsibility.

17.     While a pretrial detainee, Rowland was injured in a fight in 2018, which resulted in an umbilical hernia.   He duly submitted numerous written requests for medical care, on the following dates:

- ♦ December 12, 2018, Exhibit "A" attached hereto;

- ♦ Hernia protocol completed by nursing staff, December 15, 2018, Exhibit "B" attached hereto;

- ♦ December 27, 2018, Exhibit "C" attached hereto;

- ♦ January 2, 2019, Exhibit "D" attached hereto;

- ♦ February 21, 2019, Exhibit "E" attached hereto;

- ♦ April 23, 2019, Exhibit "F" attached hereto;

- ♦ May 3, 2019, Exhibit "G" attached hereto;

- ♦ May 27, 2019, Exhibit "H" attached hereto;

- ♦ June 5, 2019, Exhibit "I" attached hereto;

- ♦ June 9, 2019, Exhibit "J" attached hereto;

- ♦ June 24, 2019, Exhibit "K" attached hereto;

- ♦ July 18, 2019, Exhibit "L" attached hereto;

- ♦ July 24, 2019, Exhibit "M" attached hereto;

- ♦ August 11, 2019, Exhibit "N" attached hereto;

- ♦ September 25, 2019, Exhibit "O" attached hereto;

- ♦ September 28, 2019, Exhibit "P" attached hereto.

18.     On November 12, 2019, Rowland was examined by a doctor, who recommended surgery, as shown by Exhibit "Q" attached hereto.  He was advised that surgery was forthcoming. Because Rowland's sentencing was scheduled for December 18, 2019, his criminal defense counsel filed an unopposed motion for continuance, a copy of which is attached as Exhibit "R."  The motion

was granted, and sentencing postponed, allowing time for Rowland's anticipated surgery.

19.    When the recommended surgery did not take place, and his pain was increasing, Rowland retained the undersigned counsel, who sent a demand letter dated March 24, 2020, a copy of which is attached as Exhibit "S" hereto.  Although some jail records were sent to Rowland's counsel in response, no direct response to the demand letter was ever made.

20.    Accordingly, Plaintiff's counsel sent another demand letter, a copy of which is attached as Exhibit "T" hereto, again demanding immediate medical treatment for Rowland. Although Rowland had submitted additional written requests for medical treatment, and had seen another physician after the batch of documents produced in response to the first demand letter, none of such documents have been produced for Plaintiff's counsel.  Again, no response to the demand letter has been received from Defendants.

21.    As a result, Plaintiff has been suffering intense pain from the hernia for over a year and a half, and although he has repeatedly requested medical treatment, specifically surgery, to correct the same, the condition persists, and the accompanying intense pain, all without any attempt to have the same corrected.  On information and belief, as of Plaintiff's most recent medical examination, his hernia has enlarged, its condition has worsened, and his liver is exhibiting cysts, which require further surgery.  Although Plaintiff's mother, a retired registered nurse, has been requesting Plaintiff's medical records pursuant to a power of attorney which he has given her, she has been unable to obtain such records, being advised that "Fannin County has instructed us not to give you anything."  Also, despite the fact that Plaintiff's counsel has proper written authorization to obtain medical records he has also been denied production of such records.  Plaintiff has learned

that on June 9, 2020, surgery was again recommended by his physician, yet Defendants have conspired to refuse to provide such medical records either to Rowland's mother pursuant to her power of attorney, and to Plaintiff's counsel, despite written authorization for counsel.

22.    LaSalle was fully aware of Rowland's condition, and his urgent need for surgery, yet has failed and refused to provide such badly needed treatment. On information and belief, Defendant Stacey King, the Warden in charge of overall oversight and management of the detention facility, and Mark Johnson, as the sheriff of Fannin County with overall responsibility for housing pretrial detainees, were aware of Rowland's ongoing pain and need for surgery, yet they failed and refused to provide such treatment, even though the expense for such procedure would be reimbursed by the Federal Government.  On information and belief, such wilful denial of medical care is basically the equivalent of direct, intense, and systemic disregard for the lives and comfort of the inmates who have been entrusted to them, believing that they are justified in denying medical care because these individuals are merely detainees and prisoners, whom Defendants believe do not deserve to be treated like human beings.

23.    The obvious, wilful, failure and refusal of LaSalle, King, and Johnson, to provide the necessary medical care for Rowland was due to the long established policy, practice, customs, and procedures of LaSalle to provide as little medical care as possible, and as cheaply as possible, and thus constituted conscious and deliberate indifference to Rowland's urgent need for medical care.

24.    A pretrial detainee such as Rowland has a Federal Constitutional right to receive necessary medical care, which right flows from both the procedural and substantive Due Process guarantees of the Fourteenth Amendment to the United States Constitution.  When an employee of a jail fails or refuses to provide needed medical care to a pretrial detainee due to deliberate

indifference to the health or safety of the inmate, by refusing to provide needed medical care,  such person is violating the inmate's constitutional rights to needed, fundamental care.  The Supreme Court has recognized that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of reckless disregarding that risk, and is a violation of that person's constitutional right to safety in his body and preservation of his life.

25.    Because of the custom and practice, and established policy, of deliberate indifference to the suffering and medical needs of inmates, and the practice of understaffing the medical staff, and use of untrained or poorly trained medical care employees and jail personnel, and because of Defendants' actions, deliberate indifference, and purposeful inactions, which were an established custom and practice of Defendants, all of which are prevalent at facilities operated by LaSalle, Rowland has suffered intense, ongoing, severe pain and suffering, for which he is entitled to recovery of his damages of and from Defendants.

26.    Defendants LaSalle Management and LaSalle Corrections have adopted a policy, custom, practice, and have engaged in an ongoing course of conduct, involving conscious indifference to the medical needs of inmates so that such conduct has become their policy or custom, designed to prevent prisoners from receiving appropriate, constitutionally-mandated medical attention, solely to avoid the "unnecessary" expenses associated therewith.  On information and belief, LaSalle's primary motivation in undertaking and implementing this policy is to maximize profits by limiting expenses for medical care and maintaining as little staff as possible.  Such actions result in an unsafe and unfit jail environment and, as a matter of course, result in loss of life and unconstitutional pain and suffering.

27.    LaSalle has been cited by the Texas Commission on Jail Standards on multiple occasions for failing to provide appropriate medical care to patients, has been found to have

inadequate medical records, and to have a policy and practice of falsifying records. The Fannin County Jail was one of the LaSalle facilities specifically found to be out of compliance with jail standards by the Commission.

28.    Furthermore, the Texas Commission on Law Enforcement has found that some 3,200 jailers in the state are working on temporary jailers licenses.  A study by television station WFAA has found that 25 percent of the jailers employed by LaSalle at the Fannin County jail are on temporary licenses.  This exhibits the failure to provide properly trained employees to manage inmates, and ultimately is part of the overall problem inherent in LaSalle's minimalist effort to provide proper treatment for inmates.

29.    Plaintiff has complied with all necessary conditions precedent to the bringing of this action.

## CAUSES OF ACTION

### I.

### FOURTEENTH AMENDMENT CONDITIONS OF CONFINEMENT AND RIGHT TO REASONABLE MEDICAL CARE

30.    Plaintiff incorporates by this reference the allegations of paragraphs 1 through 29 above, as if the same were fully set forth herein.

31.    This is a cause of action under 42 U.S.C. § 1983 for violations by the Defendants, of Rowland's rights and privileges secured by the Eighth and Fourteenth Amendments to the United States Constitution, and by other laws of the United States,  including the Fifth Amendment to the United States Constitution, by failing to provide a safe jail environment or proper medical treatment to Mr. Rowland.  Pursuant to such Constitutional provisions and laws, all prisoners, including Mr. Rowland, have a constitutionally protected right to receive appropriate medical care while

incarcerated, and to be incarcerated in a safe jail facility, and to have their lives protected and preserved.

32.    The failure of the Defendants to provide proper medical care to Mr. Rowland was malicious, reckless, or constituted deliberate and conscious indifference as part of Defendants' patterns and practices. Rowland had an objectively serious medical need that was readily apparent to all staff at the Detention Facility who had the duty to monitor Rowland's confinement, and even to other inmates. Rowland and the physicians he saw repeatedly placed Defendants and other staff members on notice that he was suffering from a serious medical condition that required immediate treatment. Despite actual knowledge by the Defendants that Rowland urgently needed surgery, and was experiencing intense, ongoing pain, he was not given proper treatment.

33.    The policies and procedures of LaSalle, as carried out by the individual Defendants, as also detailed above, constitute deliberate indifference and are otherwise unconstitutional. LaSalle has implemented and effectuated policies and customs that prevent inmates in its care from receiving appropriate medical care or treatment, and is purposely concealing medical records to conceal its wrongdoing. These policies and customs prevent inmates suffering from ongoing conditions and those suffering from emergent health threats from receiving necessary health care. These policies, and the training or lack of training behind the same, also represent deliberate and conscious indifference of the Defendants, as the policies are designed to maximize profits and limit costs, but which proximately resulted in the callous and barbaric lack of treatment for Plaintiff.

34.    Defendants were each acting under the color of state law at all times relevant to this case. Defendants therefore had constitutional duties to provide a safe jail environment for Rowland, protect him from harm, and provide him with medical care and treatment and wholly failed to uphold any such duties. Defendants' actions and treatment of Rowland are clearly unconstitutional.

35.    Plaintiff therefore demands judgment, seeking all available forms of redress, compensation, and punishment available against Defendants, jointly and severally, for such Constitutional violations, including award of actual, consequential, and indirect damages, including loss of business,  plus damages for mental anguish and emotional distress, pain and suffering, punitive damages, and attorneys' fees and expenses, to the maximum extent allowed by law.

**II.**

**NEGLIGENCE**

36.    Plaintiff incorporates by this reference the allegations of paragraphs 1 through 35 above, as if the same were fully set forth herein.

37.    This is a cause of action for negligence brought against LaSalle and the individual Defendants.

38.    At all relevant times, LaSalle owed a duty of care to Rowland, and, as he was a prisoner in the Detention Facility, LaSalle was responsible for his well being. LaSalle, through the actions or inactions of the individual Defendants, breached such duty of care by acting deliberately indifferent to the medical needs of Rowland,  and by negligent actions and failures to act of the individual Defendants and LaSalle as alleged herein, which negligence was the proximate cause of Rowland's  injuries. The damages proximately resulting from the breaches of duty by LaSalle and the individual Defendants are severe and massive, for which Plaintiff demands recovery. Additionally, Defendants' negligent actions proximately caused Plaintiff to suffer damages, including but not limited to, mental anguish, and special damages consisting of loss of income.

39.    Plaintiff therefore demands judgment, seeking all available forms of redress, compensation, and punishment available against LaSalle and the individual Defendants  for such

constitutional violations, including award of actual, consequential, special, and punitive damages, plus damages for pain and suffering, and mental anguish and emotional distress.

### III.

### GROSS NEGLIGENCE

40.     Plaintiff incorporates by this reference the allegations of paragraphs 1 through 39 above, as if the same were fully set forth herein.

41.     This is a cause of action for gross negligence brought against  Defendants.

42.     As set forth in detail above, the individual Defendants had actual knowledge that Mr. Rowland was suffering from a hernia that was causing constant pain,  and needed corrective surgery.  All of these factors demonstrated that the individual Defendants were aware of the extreme degree of risk faced by Rowland,  considering the probability or likelihood of serious injury to him.

43.     LaSalle is vicariously liable for the grossly negligent acts of the individual Defendants because the person(s) in charge of making decisions to request proper treatment were the ones to whom the duties to provide healthcare were absolutely entrusted, and were therefore vice principals for that purpose.  Also, the actions and inactions of the individuals constituted an established pattern, practice, and custom of LaSalle.  LaSalle also placed wholly in the hands of the on-site personnel, the individual Defendants, the responsibility for providing lay medical care, and the determination when to refer inmates to a doctor or proper medical facility for treatment and therefore they were acting as vice principals of LaSalle for this additional reason.  The actions and inactions of the individual Defendants were within the course and scope of their employment, and were implicitly authorized by LaSalle because in purporting to treat Rowland, the individual Defendants were carrying out the policy and mandate of LaSalle to minimize medical expenses.

44.     Plaintiff therefore demands judgment, seeking all available forms of redress, compensation, and punishment available against LaSalle Corrections, LaSalle Management, and the individual Defendants for such constitutional violations, including award of actual, consequential, and indirect damages, plus damages for mental anguish and emotional distress, and punitive damages. Additionally, such Defendants' negligent actions proximately caused Plaintiff to suffer damages, including but not limited to, mental anguish, and pain and suffering.

45.     Plaintiff further demands recovery of punitive or exemplary damages as allowed by law.

## ATTORNEYS' FEES

46.     Plaintiff is also entitled to and demands recovery of all reasonable and necessary attorneys' fees, costs, and expert witness fees available pursuant to 42 U.S.C. §1988, or as otherwise allowed by law, for which he demands recovery.

## JURY DEMAND

Plaintiff demands a jury trial on all issues that may be tried or submitted to a jury.

## PRAYER FOR RELIEF

WHEREFORE,   Plaintiff Dustin Alan Rowland prays that Defendants Southwest Correctional, LLC d/b/a LaSalle Correctional, LLC, and d/b/a LaSalle Southwest Corrections, LaSalle Management Company, LLC, Stacey King, Mark Johnson, Fannin County, John Does 1-5, and Jane Does 1-5 be cited to appear and answer, and that upon final trial, Plaintiff be granted judgment for:

        a.     all economic damages resulting from the above-described wrongful and illegal conduct of Defendants;

        b.     all physical or emotional damages resulting from the above-described

**PLAINTIFF'S ORIGINAL COMPLAINT - JURY DEMANDED**                                        **Page 15**

wrongful and illegal conduct of Defendants, including but not limited to, damages for past physical pain and suffering, past mental anguish, and future such damages;

c.      all other compensatory damages resulting from the above-described wrongful and illegal conduct of Defendants;

d.      all special damages resulting from the gross negligence of Southwestern Correctional LLC d/b/a LaSalle Southwest Corrections, LaSalle Management LLC, and the individual Defendants;

e.      all punitive or exemplary damages necessary to make Defendants an example to the public and to deter the Defendants and others from engaging in conduct similar to that which formed the basis of this suit;

f.      all reasonable and necessary attorneys' fees, costs, and expert witness fees available under law;

g.      pre-judgment and post-judgment interest in the maximum amount allowed by law; and

h.      any such further relief, whether legal or equitable, to which Plaintiffs may be entitled.


Respectfully submitted,

LAW OFFICES OF LIPPE & ASSOCIATES


By:      /s/   Emil Lippe, Jr.
         Emil Lippe, Jr.
         State Bar No. 12398300
         Merit Tower
         12222 Merit Drive, Suite 1200
         Dallas, Texas  75251
         Phone: 214-855-1850
         Fax:    214-720-6074
         emil@texaslaw.com

ATTORNEY FOR PLAINTIFF


**PLAINTIFF'S ORIGINAL COMPLAINT - JURY DEMANDED**                                    **Page 16**