IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
- SHERMAN DIVISION -

| | | |
|---|---|---|
| DUSTIN ALAN ROWLAND, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| SOUTHWESTERN CORRECTIONAL, LLC, | § | Civil Case No. 4:20-cv-00847-ALM-CAN |
| d/b/a LASALLE  CORRECTIONS, LLC, and | § | |
| d/b/a LASALLE SOUTHWEST CORRECTIONS, | § | |
| LASALLE MANAGEMENT COMPANY, LLC, | § | JURY DEMANDED |
| STACEY KING, MARK JOHNSON, | § | |
| FANNIN COUNTY, TEXAS, | § | |
| JOHN M. GARRISON, U.S. Marshal for the | § | |
| Eastern District of Texas, JUAN BALTAZAR, JR., | § | |
| Regional Director of South Central Regional | § | |
| Office of the U.S. Department of Justice, | § | |
| Federal Bureau of Prisons and JOHN DOES 1-5, | § | |
| and JANE DOES 1-5, | § | |
| | § | |
| Defendants. | § | |

---

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT - JURY DEMANDED

---

TO THE HONORABLE AMOS L. MAZZANT, III, UNITED STATES DISTRICT JUDGE:

Dustin Alan Rowland, Plaintiff, hereby files this his Original Complaint-Jury Demanded, and complains of Southwest Correctional, LLC d/b/a LaSalle Corrections, LLC, and d/b/a LaSalle Southwest Corrections, LaSalle Management Company, LLC, Stacey King, Mark Johnson, Fannin County, Texas, John M. Garrison, U.S. Marshal for the Eastern District of Texas, Juan Baltazar, Jr., Regional Director of South Central Regional Office, U.S. Department of Justice, Federal Bureau of Prisons, and  John Does 1-5, and Jane Does 1-5, as Defendants, and alleges as follows:

### INTRODUCTION AND STATEMENT OF CLAIMS

1.      Dustin Alan Rowland was a pretrial detainee, being held on criminal charges in Cause No.3:18-cr-00324-M-3, styled *United States v. Dustin Alan Rowland*, pending in the United States District Court for the Northern District of Texas-Dallas Division, Hon. Barbara M.G. Lynn, Chief Judge, presiding, for nearly two (2) years, most of such time spent in Fannin County.  He was arrested in August, 2018, and entered into a plea agreement filed on June 26, 2019.  He was transferred to the Fannin County Detention Facility pending sentencing, and was repeatedly denied critical medical care while being detained therein.

2.      While a pre-trial detainee, Rowland was injured in an inmate fight at the facility in Mansfield, Texas.  Beginning shortly thereafter, he began experiencing pain in his abdomen, which has been diagnosed as an umbilical hernia.  Despite making numerous verbal complaints, and filling out required forms giving written requests for medical care, Southwest Correctional, LLC d/b/a LaSalle Corrections, LLC, and d/b/a LaSalle Southwest Corrections, LaSalle Management Company, LLC, Stacey King, Mark Johnson, Fannin County, Texas, (hereafter collectively "Fannin County Defendants") have failed and refused to provide Rowland with the required medical care, namely surgery to correct the painful hernia.  As a result, Rowland has suffered severe pain in his abdomen for over two years,  and was refused surgery despite doctor's recommendations for surgical treatment.  Unfortunately, such failure and refusal to provide critically needed medical care is standard operating procedure, and actually amounts to a well established policy, custom, and practice for detention facilities being operated by Defendants Southwest Correctional, LLC d/b/a LaSalle Corrections, LLC, and d/b/a LaSalle Southwest Corrections, LaSalle Management Company, LLC, as will be detailed below, a practice and custom that has been adopted by Fannin County, Stacey

King, and Mark Johnson by acquiescing in LaSalle's practices.

3.      After several cancellations and resettings, Rowland appeared for sentencing before Hon. Barbara M.G. Lynn, Chief Judge of the Northern District of Texas, on June 17, 2020.  In the Judgment rendered in the Federal criminal case, the Court stated that it recommended "immediate care for what was described in court as an umbilical hernia present for many months which requires surgery."  Despite such clear recommendation from the Chief Judge for the Northern District of Texas, Rowland was held for three months thereafter in the Dallas County Jail, then for another two months in Oklahoma facilities, and then transferred to a facility in Colorado at the end of September, 2020, and, as of the filing of this Amended Complaint, still has not received the badly needed medical treatment for the condition which has significantly worsened since it appeared.

4.      Unfortunately, Rowland has been bounced about from one facility to another, treated like the proverbial "hot potato," with one authority after another finger-pointing for the blame for his non-treatment.  While in Fannin County as a pretrial detainee, the Fannin County authorities refused to incur the expense for his treatment, and relied upon alleged refusal by the United States Marshal for failing to approve treatment for Rowland.  Then, after his sentencing and Judge Lynn's recommendation that he receive "immediate treatment," the Bureau of Prisons has continued to ignore his desperate medical needs.

5.      What began as a simple umbilical hernia that was capable of treatment in a relatively uncomplicated manner, has now worsened due to the non-treatment, with Rowland developing cysts on his liver, suspected internal bleeding which has caused external bruising on his abdomen, and complications with his intestines.  Not only has the pain increased, now Rowland is facing major surgery with a life-threatening condition.

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT - JURY DEMANDED**                **Page 3**

6.     Although this mistreatment/nontreatment of Rowland is tragic and unnecessary, and unjustifiable in a modern, civilized society that claims to value human life, it is symptomatic of the ongoing pattern, practice, custom and policy of LaSalle Corrections to refuse to provide needed medical care for inmates, which all too often has resulted in a series of unnecessary inmate deaths. This series of unnecessary deaths, resulting from the ongoing pattern, practice, custom and policy of LaSalle Corrections to refuse to provide necessary medical care for inmates, reflects the conscious and deliberate indifference to human suffering due to medical conditions, ultimately showing deliberate indifference to loss of inmates' lives.   To date, this series of inmate deaths due to inadequate medical care has included at least the following:

| Name | Age | Date of Death | Location of facility |
|------|-----|---------------|----------------------|
| Michael G. Hill | 52 | October 18, 2010 | Jefferson County |
| Kyle Franklin Gavard | 48 | January 17, 2011 | Jefferson County |
| Butch Baltrip Silas | 28 | February 28, 2011 | Jefferson County |
| Ivan Allen | 69 | October 30, 2011 | Johnson County |
| Gregory McElvy | 35 | September 15, 2013 | Johnson County |
| Ronald Ray Beesley | 46 | June 2, 2015 | Johnson County |
| Michael Sabbie | 35 | July 22, 2015 | Bowie County |
| Morgan Angerbauer | 20 | July 1, 2016 | Bowie County |
| Denay Lauren Birnie | 27 | November 9, 2017 | Parker County |
| Franklin Greathouse | 59 | March 11, 2019 | Bowie County |

7.     Even more tragically, this series of unnecessary and avoidable inmate deaths is but the proverbial "tip of the iceberg" reflecting the results of LaSalle's inhumane, cruel, and

unconstitutional treatment of inmates with respect to needed medical care, which has caused untold pain and suffering for countless inmates such as Rowland who have suffered needlessly due to lack of proper medical care.

## PARTIES

8.      Dustin Alan Rowland is currently imprisoned at the Federal Correctional Institution located in Florence, Colorado, still awaiting the "immediate" medical care that Chief Judge Barbara Lynn recommended to be provided.

9.      Defendant Southwestern Correctional LLC d/b/a LaSalle Southwest Corrections ("LaSalle Corrections") is a Texas Limited Liability Company doing business in this District and elsewhere in the State of Texas for the purposes of profit.  LaSalle Corrections, together with Defendant LaSalle Management LLC, operate the Fannin County Detention Facility.  LaSalle Corrections may be served by serving its registered agent, Melissa Marie McConnell at 26228 Ranch Road 12, Dripping Springs, Texas 78620.

10.     Defendant LaSalle Management Company LLC, d/b/a LaSalle Corrections ("LaSalle Management") is a Louisiana Limited Liability Company doing business in this District for the purposes of profit, which is the parent corporation owning and directing LaSalle Corrections, conducting business under the registered trade name of "LaSalle Corrections."   Although LaSalle Management claims that it is separate and apart from LaSalle Corrections, on information and belief it is aware of the inhumane denials of Constitutional rights by LaSalle Corrections, because, in addition to its ordinary course of business, wherein due to the overlapping personnel and interrelationship between the two corporations,  it has been joined as a defendant in various lawsuits alleging unconstitutional denials of medical care causing death, and has done nothing to remedy such

denials, and the profits generated by LaSalle Corrections directly or indirectly benefit LaSalle Management and its shareholders.   LaSalle Management has been joined as a party in most of the lawsuits arising from these inmate deaths:

| | |
|---|---|
| Ivan Allen | *Bonnie Allen-Pieroni, et al, v. Southwestern Correctional, LLC, et al*; Case No. 3:13-cv-04089, U.S. District Court, Northern District of Texas |
| Ronald Ray Beesley | *Kristi L. White, individually and on behalf of the Estate of Ronald Ray Beesley et al vs. Southwestern Correctional, LLC, d/b/a LaSalle Southwest Corrections et al*; Case No. 3:16-cv-00448-B, U.S. District Court, Northern District of Texas |
| Michael Sabbie | *Teresa Sabbie, individually, as personal representative of the Estate of Michael Sabbie, et al, v. Southwestern Correctional, LLC d/b/a LaSalle Corrections, LLC, et al,* Case No. 5:17-cv-00113, in the U.S. District Court, Eastern District of Texas, Texarkana Division |
| Morgan Angerbauer | *Jennifer Houser, As Special Administrator of the Estate of Morgan Angerbauer, v. LaSalle Management Company, LLC, d/b/a LaSalle Corrections, et al*, Case No. 5:16-cv-00129, in the U.S. District Court, Eastern District of Texas, Texarkana Division |
| Holly Barlow-Austin | *Mary Margaret Mathis, et al. v. Southwestern Correctional, LLC, et al.*, Cause No. 5:20-cv-00146, pending in the United States District Court for the Eastern District of Texas, Texarkana Division |

Because such lawsuits are public knowledge, and further because WFAA-TV has conducted an extensive investigation into management practices by LaSalle which are public, all other Defendants are charged with knowledge of LaSalle's established custom, policy, pattern, and practice of failing to provide needed medical care for inmates.[1]

---

[1] The stories aired beginning November 1, 2018, began with Part 1 at: https://www.wfaa.com/article/news/local/investigates/jailed-to-death-false-paperwork-deaths-wi

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT - JURY DEMANDED**          **Page 6**

11.     Together, LaSalle Corrections and LaSalle Management are holding themselves out to the public under the name "LaSalle Corrections" as a corporate entity that offers correctional services in a number of states including Texas, as depicted on its website, found at http ://www. lasallecorrections. com/    LaSalle Management utilizes the trade name "LaSalle Corrections,"and the primary corporate management office for the entire organization is maintained at the Louisiana address for LaSalle Management.   On information and belief, LaSalle Management does not maintain a registered agent in the State of Texas. LaSalle Management may therefore be served through the Texas Secretary of State by certified mail at Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079. The Texas Secretary of State is then requested to forward service to LaSalle Management's Louisiana registered agent, William K. McConnell, 192 Bastille Street, Suite 200, Ruston, Louisiana 71270.

12.     Defendant Stacey King is the Warden for the Fannin County Detention Facility, and is, on information and belief, employed by LaSalle, in charge of supervising the overall operation of the Fannin County Detention Facility.    As such, she is responsible for all operations at such facility.  She may be served at 2389 Silo Road, Bonham, Fannin County, Texas 75418.

13.     Defendant Mark Johnson is the Sheriff of Fannin County, and may be served at the

---

despread-in-n-texas-for-profits-jails/287-610400876,
 In Part 1, the Eiserer reported on the deaths of Morgan Angerbauer, 21, at the Bi-State Jail in Texarkana, Bowie County, Texas, in 2016, Michael Sabbie, 35, also at the Bowie County Jail, in 2015, Ronald Ray Beesley, in 2015, in Johnson County.  On November 29, 2018, Part 2 of the report was aired by WFAA, found at:
https://www.wfaa.com/article/news/local/investigates/jailed-to-death-false-paperwork-deaths-wi despread-in-n-texas-for-profits-jails/287-610400876,
This story reported on the death of Jesse Andrew DeBusk, 38, who died in the Parker County Jail in 2016.

Fannin County Sheriff's Office, 2375 Silo Road, Bonham, Fannin County, Texas 75418.

14.    Defendant Fannin County, Texas is a Texas County organized and existing under the laws of the State of Texas. On or about July 24, 2018, Fannin County entered into Facility Operation and Management Agreements for the Operation and Management of the Fannin County Detention Facility (432 beds) and Fannin County Jail (96 beds) by LaSalle Corrections West, LLC to be effective as of September 1, 2018. Fannin County may be served by serving its County Judge, the Honorable Randy Moore, at Bonham City Hall, 514 Chestnut Street, Bonham, Fannin County, Texas 75418.

15.    Defendant John M. Garrison, U.S. Marshal for the Eastern District of Texas, who was the Marshal charged with responsibility for making decisions regarding medical treatment for Federal detainees, may be served by serving him at 221 West Ferguson St., 4th Floor, Tyler, Texas 75202.

16.    Juan Baltazar, Jr., Regional Director of South Central Regional Office, U.S. Department of Justice, Federal Bureau of Prisons, who is ultimately responsible for implementing recommendations from the Federal District Judges, and medical decisions regarding Federal prisoners, may be served at U.S. Armed Forces Reserve Complex, 344 Marine Forces Drive, Grand Prairie, Texas 75051.

17.    Defendants John Does 1-5 and Jane Does 1-5 are placeholder defendants representing presently unidentified individuals, shareholders, and/or agents of Defendants who participated in the illegal activities and conduct alleged herein, or knowingly allowed the same to occur. Following discovery, they will be replaced with the correct names of the appropriate individuals.

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT - JURY DEMANDED**          **Page 8**

## JURISDICTION AND VENUE

18.     This Court has jurisdiction over this action pursuant to 42 U.S.C. §§1983 and 1988, 28 U.S.C. § 1331 (federal question), and § 1343 (civil rights). This Court has supplemental jurisdiction to consider Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because the same are interrelated to the Federal claims, and because 42 U.S.C.§1988 incorporates the Texas Wrongful Death Statute, §71.002, TEX.CIV.PRAC.& REM.CODE.

19.     Plaintiff alleges that venue was proper in this district pursuant to 24 U.S.C. § 1391(b), as Plaintiff was under the control and jurisdiction of this District and Division, while Rowland was a pretrial detainee.

## BACKGROUND FACTS

20.     In April, 2018, the  previous operator of the Fannin County Detention Center and Fannin County Jail announced that it was terminating its contract with Fannin County.  On or about July 24, 2018, Fannin County entered into Facility Operation and Management Agreements for the Operation and Management of the Fannin County Detention Facility (432 beds) and Fannin County Jail (96 beds) by LaSalle Corrections West, LLC to be effective as of September 1, 2018.  By such contract, Fannin County has sought to delegate all of its authority to comply with Tex. Local Gov't Code §§ 351.001, 351.041, and  its obligations under the United States Constitution and laws, and the LaSalle Defendants assumed such responsibility.

21.     While a pretrial detainee, Rowland was injured in a fight in 2018, which resulted in an umbilical hernia.   He duly submitted numerous written requests for medical care, on the following dates:

♦     December 12, 2018, Exhibit "A" attached hereto;

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT - JURY DEMANDED**          **Page 9**

♦   Hernia protocol completed by nursing staff, December 15, 2018, Exhibit "B" attached hereto;

♦   December 27, 2018, Exhibit "C" attached hereto;

♦   January 2, 2019, Exhibit "D" attached hereto;

♦   February 21, 2019, Exhibit "E" attached hereto;

♦   April 23, 2019, Exhibit "F" attached hereto;

♦   May 3, 2019, Exhibit "G" attached hereto;

♦   May 27, 2019, Exhibit "H" attached hereto;

♦   June 5, 2019, Exhibit "I" attached hereto;

♦   June 9, 2019, Exhibit "J" attached hereto;

♦   June 24, 2019, Exhibit "K" attached hereto;

♦   July 18, 2019, Exhibit "L" attached hereto;

♦   July 24, 2019, Exhibit "M" attached hereto;

♦   August 11, 2019, Exhibit "N" attached hereto;

♦   September 25, 2019, Exhibit "O" attached hereto;

♦   September 28, 2019, Exhibit "P" attached hereto.

22.   On November 12, 2019, Rowland was examined by a doctor, who recommended surgery, as shown by Exhibit "Q" attached hereto.  He was advised that surgery was forthcoming. Because Rowland's sentencing was scheduled for December 18, 2019, his criminal defense counsel filed an unopposed motion for continuance, a copy of which is attached as Exhibit "R."  The motion was granted, and sentencing postponed, allowing time for Rowland's anticipated surgery.

23.   When the recommended surgery did not take place, and his pain was increasing,

Rowland retained the undersigned counsel, who sent a demand letter dated March 24, 2020, a copy of which is attached as Exhibit "S" hereto.  Although some jail records were sent to Rowland's counsel in response, no direct response to the demand letter was ever made.

24.    Accordingly, Plaintiff's counsel sent another demand letter, a copy of which is attached as Exhibit "T" hereto, again demanding immediate medical treatment for Rowland. Although Rowland had submitted additional written requests for medical treatment, and had seen another physician after the batch of documents produced in response to the first demand letter, none of such documents have been produced for Plaintiff's counsel.  Again, no response to the demand letter was ever received from Defendants.

25.    As a result, Plaintiff has been suffering intense pain from the hernia for over a year and a half, and although he has repeatedly requested medical treatment, specifically surgery, to correct the same, the condition persists, and the accompanying intense pain, all without any attempt to have the same corrected.  On information and belief, as of Plaintiff's most recent medical examination, his hernia has enlarged, its condition has worsened, and his liver is exhibiting cysts, which require further surgery.  Although Plaintiff's mother, a retired registered nurse, has been requesting Plaintiff's medical records pursuant to a power of attorney which he has given her, she has been unable to obtain such records, being advised that "Fannin County has instructed us not to give you anything."  Also, despite the fact that Plaintiff's counsel has proper written authorization to obtain medical records he has also been denied production of such records.  Plaintiff has learned that on June 9, 2020, surgery was again recommended by his physician, yet Defendants have conspired to refuse to provide such medical records either to Rowland's mother pursuant to her power of attorney, and to Plaintiff's counsel, despite written authorization for counsel.  In fact, the most recent batch of medical records produced for Plaintiff's counsel are filled with notations that

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT - JURY DEMANDED**          **Page 11**

comments in the doctors' orders have been removed, signalling the likelihood of alteration of the records to hide the genuine nature of Rowland's medical needs.

26.     LaSalle Corrections was fully aware, and had actual knowledge, of Rowland's condition, and his urgent need for surgery, yet has failed and refused to provide such badly needed treatment. On information and belief, Defendant Stacey King, the Warden in charge of overall oversight and management of the detention facility, and Mark Johnson, as the sheriff of Fannin County with overall responsibility for housing pretrial detainees, who were policy makers for Fannin County, were aware of Rowland's ongoing pain and need for surgery, yet they failed and refused to provide such treatment, even though the expense for such procedure would be reimbursed by the Federal Government. Such governmental entity, King, and Johnson are sometimes hereafter referred to collectively as "the Fannin County Defendants."   On information and belief, such wilful denial of medical care is the result of the established custom, policy, pattern, and practice of LaSalle Corrections, adopted and acquiesced in by the Fannin County defendants, demonstrating their direct, intense, and systemic disregard for the lives and comfort of the inmates who have been entrusted to them, believing that they are justified in denying medical care because these individuals are merely detainees and prisoners, whom Defendants believe do not deserve to be treated like human beings.

27.     LaSalle Corrections and the Fannin County Defendants have sought to escape culpability for their deliberate indifference toward Rowland's medical needs, by seeking to blame the United States Marshal for failing to approve the treatment needed by Rowland. In so doing, they rely upon the Intergovernmental Agreement between Fannin County and the United States Marshal.[2]

---

[2]  Such document is in the record at Appendix to Motion to Dismiss, ECF#12-3, filed when this case was pending in the Northern District of Texas.

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT - JURY DEMANDED**          **Page 12**

However, such Agreement provides in part as follows:

> *The Local Government shall provide federal detainees with the full range of medical care **inside** the detention facility. The level of care inside the facility should be the same as that provided to state and local detainees. The Local Government is financially responsible for all medical care provided **inside** the facility to federal detainees*. This :includes the cost of all medical, dental, and mental health care as well as the cost of medical supplies, over the counter prescriptions and, any prescription medications routinely stocked by the facility which are provided to federal detainees. *The cost of all of the above-referenced medical care Is covered by the federal per diem rate*. However, if dialysis is provided within the facility, the Federal Government will pay for the cost of that service. ·
>
> The Federal Government is financially responsible for all medical care provided **outside** the facility to federal detainees.....
>
> All **outside** medical care provided to federal detainees must·be pre-approved by the Federal Government. *In the event of an emergency, the Local Government shall proceed immediately with necessary medical treatment*. In such an event, the Local Government shall notify the Federal Government immediately regarding the nature of the federal detainee's illness or injury as well as the types of treatment provided.

Intergovernmental Governmental Agreement at 4; Appendix to Motion to Dismiss, ECF#12-3 at p.5. (Emphasis added).  Such claim is frivolous, because the refusal of the Marshal to approve payment for a procedure does not render the procedure unnecessary, nor does it discharge the custodian's Constitutional duty to provide needed medical.   Nothing in the IGA, and nothing in the reality of the situation, gives the Marshal the medical knowledge and expertise to decide what is or is not medically necessary, nor does the IGA authorize all involved to avoid liability by labelling a procedure as medically unnecessary despite severe ongoing, and debilitating pain.  Pursuant to the IGA, Plaintiff alleges that, at the outset of the diagnosis of his hernia, its treatment should have been considered as a routine procedure.  Later, however, when Rowland's condition worsened, it became an emergency requiring immediate treatment without the need for prior approval by the United States Marshal.  In fact, as the custodian and caretaker for Rowland, even if the Marshal in fact denied

approval for treatment of Rowland, the LaSalle Defendants and Fannin County Defendants had the Constitutional duty to render needed medical care for him.

28.   In the alternative, the United States Marshal was negligent and in fact exhibited deliberate indifference to Rowland's clearly established medical needs in failing to approve the needed treatment for him, and by so doing violated Rowland's Constitutional rights to adequate medical care.  The delays occasioned in furnishing treatment to Rowland, allegedly caused in part by the Marshal, have worsened Rowland's condition and caused him horrible and unnecessary suffering.  Neither the Eighth nor Fourteenth Amendment recognize the legitimacy of allowing an inmate to suffer ongoing severe pain by labelling the treatment as "medically unnecessary."

29.   The obvious, wilful, failure and refusal of LaSalle Corrections, King, Johnson, and Garrison, to provide the necessary medical care for Rowland was due to the long established policy, practice, customs, and procedures of LaSalle to provide as little medical care as possible, and as cheaply as possible, and thus constituted conscious and deliberate indifference to Rowland's urgent need for medical care.  Further, the failure of Marshal Garrison to approve medical treatment for Rowland, if it occurred, was a further example of the custom, pattern, and practice of denial of needed medical care in order to save money.

30.   A pretrial detainee such as Rowland has a Federal Constitutional right to receive necessary medical care, which right flows from both the procedural and substantive Due Process guarantees of the Fourteenth Amendment to the United States Constitution.  A Federal prisoner is guaranteed the right not to be subjected to cruel and unusual punishment.  When an employee of a jail fails or refuses to provide needed medical care to a pretrial detainee or prisoner due to deliberate indifference to the health or safety of the inmate, by refusing to provide needed medical care,  such

person is violating the inmate's constitutional rights to needed, fundamental care. The Supreme Court has recognized that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk, and is a violation of that person's constitutional right to safety in his body and preservation of his life.

31.     Now that Rowland is presently a Federal prisoner following his conviction and sentencing, the failure and refusal by the Bureau of Prisons constitutes cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution. Rowland's very life is now in danger due to the unjustifiable delays in furnishing him needed medical treatment. By its very nature, the severe and ongoing pain and suffering that Rowland has suffered almost constantly is in and of itself cruel and unusual punishment.

32.     Because of the custom and practice, and established policy, of deliberate indifference to the suffering and medical needs of inmates, and the practice of understaffing the medical staff, and use of untrained or poorly trained medical care employees and jail personnel, and because of Defendants' actions, deliberate indifference, and purposeful inactions, which were an established custom and practice of Defendants, all of which are prevalent at facilities operated by LaSalle, which custom and practice were adopted and acquiesced in by the Fannin County Defendants, and which were aided and abetted by the United States Marshal and are being continued by the Bureau of Prisons, Rowland has suffered intense, ongoing, severe pain and suffering, for which he is entitled to recovery of his damages of and from Defendants.

33.     Defendants LaSalle Management and LaSalle Corrections have adopted a policy, custom, practice, and have engaged in an ongoing course of conduct, involving conscious indifference to the medical needs of inmates so that such conduct has become their policy or custom,

designed to prevent prisoners from receiving appropriate, constitutionally-mandated medical attention, solely to avoid the "unnecessary" expenses associated therewith.  On information and belief, LaSalle's primary motivation in undertaking and implementing this policy is to maximize profits by limiting expenses for medical care and maintaining as little staff as possible.  Such actions result in an unsafe and unfit jail environment and, as a matter of course, result in loss of life and unconstitutional pain and suffering.

34.     LaSalle has been cited by the Texas Commission on Jail Standards on multiple occasions for failing to provide appropriate medical care to patients, has been found to have inadequate medical records, and to have a policy and practice of falsifying records. The Fannin County Jail was one of the LaSalle facilities specifically found to be out of compliance with jail standards by the Commission.  All of the other Defendants are charged with knowledge of LaSalle's past history of noncompliance with standards promulgated by the Texas Commission on Jail Standards.

35.     Furthermore, the Texas Commission on Law Enforcement has found that some 3,200 jailers in the State of Texas are working on temporary jailers licenses.  A study by television station WFAA has found that 25 percent of the jailers employed by LaSalle at the Fannin County jail are on temporary licenses.  This exhibits the failure to provide properly trained employees to manage inmates, and ultimately is part of the overall problem inherent in LaSalle's minimalist effort to provide proper treatment for inmates.

36.     Plaintiff has complied with all necessary conditions precedent to the bringing of this action.

## CAUSES OF ACTION

### I.

### FOURTEENTH AMENDMENT CONDITIONS OF CONFINEMENT AND RIGHT TO REASONABLE MEDICAL CARE

37.    Plaintiff incorporates by this reference the allegations of paragraphs 1 through 36 above, as if the same were fully set forth herein.

38.    This is a cause of action under 42 U.S.C. § 1983 for violations by the Defendants, of Rowland's rights and privileges secured by the Eighth and Fourteenth Amendments to the United States Constitution, and by other laws of the United States,  including the Fifth Amendment to the United States Constitution, by failing to provide a safe jail environment or proper medical treatment to Mr. Rowland.   Pursuant to such Constitutional provisions and laws, all prisoners, including Mr. Rowland, have a constitutionally protected right to receive appropriate medical care while incarcerated, and to be incarcerated in a safe jail facility, and to have their lives protected and preserved.

39.    The failure of the Defendants to provide needed and proper medical care to Mr. Rowland was malicious, reckless, or constituted deliberate and conscious indifference as part of Defendants' patterns and practices.  Rowland had an objectively serious medical need that was readily apparent to all staff at the Detention Facility who had the duty to monitor Rowland's confinement, and even to other inmates. Rowland  and the physicians he saw repeatedly placed Defendants and other staff members on notice that he was suffering from a serious medical condition that required immediate treatment. Despite actual knowledge by the Defendants that Rowland urgently needed surgery, and was experiencing intense, ongoing pain, he was not given proper treatment.

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT - JURY DEMANDED**          **Page 17**

40.     The policies and procedures of LaSalle,  as carried out by the individual Defendants, as also detailed above, constitute deliberate indifference and are otherwise unconstitutional.  LaSalle has  implemented and effectuated policies and customs that prevent inmates in its  care from receiving appropriate medical care or treatment, and is purposely concealing medical records to conceal its wrongdoing. These policies and customs prevent inmates suffering from ongoing conditions and those suffering from emergent health threats from receiving necessary health care. These policies, and the training or lack of training behind the same, also represent deliberate and conscious indifference  of the Defendants, as the policies are designed to maximize profits and limit costs, but which proximately resulted in the callous and barbaric lack of treatment for Plaintiff.

41.     LaSalle Corrections and the Fannin County Defendants were each acting under the color of state law at all times relevant to this case.   The Marshal and Bureau of Prisons, operating under the color of Federal law, have direct duties to observe Rowland's Constitutional right to adequate medical care.   Defendants therefore had constitutional duties to provide a safe jail environment for Rowland,  protect him from harm, and provide him with medical care and treatment and wholly failed to uphold any such duties. Defendants' actions and treatment of Rowland are clearly unconstitutional.

42.     Plaintiff therefore demands judgment, seeking all available forms of redress, compensation, and punishment available against Defendants, jointly and severally, for such Constitutional violations, including award of actual, consequential, and indirect damages, including loss of business,  plus damages for mental anguish and emotional distress, pain and suffering, punitive damages, and attorneys' fees and expenses, to the maximum extent allowed by law.

## II.

## NEGLIGENCE

43.     Plaintiff incorporates by this reference the allegations of paragraphs 1 through 42 above, as if the same were fully set forth herein.

44.     This is a cause of action for negligence brought against LaSalle and the individual Defendants.

45.     At all relevant times, LaSalle owed a duty of care to Rowland, and, as he was a prisoner in the Detention Facility, LaSalle was responsible for his well being. LaSalle, through the actions or inactions of the individual Defendants, breached such duty of care by acting deliberately indifferent to the medical needs of Rowland,  and by negligent actions and failures to act of the individual Defendants and LaSalle as alleged herein, which negligence was the proximate cause of Rowland's  injuries. The damages proximately resulting from the breaches of duty by LaSalle and the individual Defendants are severe and massive, for which Plaintiff demands recovery.  Such damages have been aided and abetted, and continued and exacerbated, by the inactions of the Marshal and the Bureau of Prisons.  Additionally, Defendants' negligent actions proximately caused Plaintiff to suffer damages, including but not limited to, mental anguish, and special damages consisting of pain and suffering.

46.     Plaintiff therefore demands judgment, seeking all available forms of redress, compensation, and punishment available against Defendants  for such constitutional violations, including award of actual, consequential, special, and punitive damages, plus damages for pain and suffering, and mental anguish and emotional distress.

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT - JURY DEMANDED**          **Page 19**

### III.

### GROSS NEGLIGENCE

47.    Plaintiff incorporates by this reference the allegations of paragraphs 1 through 39 above, as if the same were fully set forth herein.

48.    This is a cause of action for gross negligence brought against  Defendants.

49.    As set forth in detail above, the individual Defendants had actual knowledge that Mr. Rowland was suffering from a hernia that was causing constant pain,  and needed corrective surgery.  All of these factors demonstrated that the individual Defendants were aware of the extreme degree of risk faced by Rowland,  considering the probability or likelihood of serious injury to him.

50.    LaSalle is vicariously liable for the grossly negligent acts of the individual Defendants because the person(s) in charge of making decisions to request proper treatment were the ones to whom the duties to provide healthcare were absolutely entrusted, and were therefore vice principals for that purpose.  Also, the actions and inactions of the individuals constituted an established pattern, practice, and custom of LaSalle.  LaSalle also placed wholly in the hands of the on-site personnel, the individual Defendants, the responsibility for providing lay medical care, and the determination when to refer inmates to a doctor or proper medical facility for treatment and therefore they were acting as vice principals of LaSalle for this additional reason.  The actions and inactions of the individual Defendants were within the course and scope of their employment, and were implicitly authorized by LaSalle because in purporting to treat Rowland, the individual Defendants were carrying out the policy and mandate of LaSalle to minimize medical expenses.

51.    Plaintiff therefore demands judgment, seeking all available forms of redress, compensation, and punishment available against LaSalle Corrections,  LaSalle Management, and the

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT - JURY DEMANDED**          **Page 20**

individual Defendants for such constitutional violations, including award of actual, consequential, and indirect damages, plus damages for mental anguish and emotional distress, and punitive damages. Additionally, such Defendants' negligent actions proximately caused Plaintiff to suffer damages, including but not limited to, mental anguish, and pain and suffering.

52.    Plaintiff further demands recovery of punitive or exemplary damages as allowed by law.

## ATTORNEYS' FEES

53.    Plaintiff is also entitled to and demands recovery of all reasonable and necessary attorneys' fees, costs, and expert witness fees available pursuant to 42 U.S.C. §1988, or as otherwise allowed by law, for which he demands recovery.

## JURY DEMAND

Plaintiff demands a jury trial on all issues that may be tried or submitted to a jury.

## PRAYER FOR RELIEF

WHEREFORE,  Plaintiff Dustin Alan Rowland prays that Defendants Southwest Correctional, LLC d/b/a LaSalle Correctional, LLC, and d/b/a LaSalle Southwest Corrections, LaSalle Management Company, LLC, Stacey King, Mark Johnson, Fannin County, Texas, John M. Garrison, U.S. Marshal for the Eastern District of Texas, Juan Baltazar, Jr., Regional Director of South Central Regional Office, U.S. Department of Justice, Federal Bureau of Prisons John Does 1-5, and Jane Does 1-5 be cited to appear and answer, and that upon final trial, Plaintiff be granted judgment for:

    a.    all economic damages resulting from the above-described wrongful and illegal conduct of Defendants;

    b.    all physical, non-economic, or emotional damages resulting from the above-

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT - JURY DEMANDED**          **Page 21**

described wrongful and illegal conduct of Defendants, including but not limited to, damages for past physical pain and suffering, past mental anguish, and future such damages;

c.     all other compensatory damages available under law resulting from the above-described wrongful and illegal conduct of Defendants;

d.     all special damages resulting from the gross negligence of Southwestern Correctional LLC d/b/a LaSalle Southwest Corrections, LaSalle Management LLC, and the individual Defendants;

e.     all punitive or exemplary damages necessary to make Defendants an example to the public and to deter the Defendants and others from engaging in conduct similar to that which formed the basis of this suit;

f.     all reasonable and necessary attorneys' fees, costs, and expert witness fees available under law;

g.     pre-judgment and post-judgment interest in the maximum amount allowed by law; and

h.     any such further relief, whether legal or equitable, to which Plaintiffs may be entitled.


Respectfully submitted,

LAW OFFICES OF LIPPE & ASSOCIATES


By:     /s/  Emil Lippe, Jr.
Emil Lippe, Jr.
State Bar No. 12398300
Merit Tower
12222 Merit Drive, Suite 1200
Dallas, Texas  75251
Phone: 214-855-1850
Fax:    214-720-6074
emil@texaslaw.com

ATTORNEY FOR PLAINTIFF


**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT - JURY DEMANDED**          **Page 22**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 13th day of November, 2020, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the Court, which will then send a notification of such filing to the following:

Marvin C. Moos
Horne Rota Moos, LLP
2777 Allen Parkway, Suite 1200
Houston, Texas 77019
mmoos@hrmlawyers.com

    /s/   Emil Lippe, Jr.     
Emil Lippe, Jr.