## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

DUSTIN ALAN ROWLAND,        §
§
       Plaintiff,        §      CIVIL ACTION NO. 4:20-CV-00847-ALM-
§      CAN
v.        §
§
SOUTHWESTERN CORRECTIONAL,   §
LLC, ET AL.,        §
§
       Defendants.       §

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants U.S. Marshal John M. Garrison and Bureau of Prisons South Central Regional Director Juan Baltazar, Jr.'s Motion to Dismiss, or Alternatively, Motion for Summary Judgment ("Defendants' Motion to Dismiss") [Dkt. 55]. The Court, having considered the Motion to Dismiss [Dkt. 55], all responsive pleadings [Dkts. 63; 64; 65], and all other relevant filings, finds that Defendants' Motion to Dismiss should be **GRANTED**, as set forth herein.

## PROCEDURAL HISTORY

Plaintiff Dustin Alan Rowland ("Plaintiff") is a *pro se* federal prisoner. On June 15, 2020, Plaintiff initiated the instant lawsuit in the Northern District of Texas challenging his alleged lack of medical treatment while a federal pretrial detainee at the Fannin County Detention Center ("FCDC") [Dkt. 1]. The crux of Plaintiff's case is his contention that he should have received outside corrective hernia surgery upon his request. Plaintiff's First Amended Complaint – Jury Demanded (hereinafter the "Amended Complaint") [Dkt. 28], was deemed properly filed before the Court on December 16, 2020 [Dkt. 32] and is the live pleading in this case. The Amended

Complaint joined moving Defendants, Juan Baltazar, Jr., Regional Director of South Central Regional Office, U.S. Department of Justice, Federal Bureau of Prisons ("RD Baltazar") and John M. Garrison, U.S. Marshal for the Eastern District of Texas ("Marshal Garrison") [Dkt. 28]. On March 23, 2021, Defendants filed the instant Motion to Dismiss [Dkt. 55]. Plaintiff filed a Response on April 23, 2021 [Dkt. 63] and a supplemental declaration on April 30, 2021 [Dkt. 64]. On April 30, 2021, Defendants filed a Reply [Dkt. 65].

***Factual Background & Live Pleading***

As outlined in the undersigned's related report [Dkt. 67], Plaintiff's live pleading asserts causes of action for violation of the Eighth Amendment and "Fourteenth Amendment Conditions of Confinement and Right to Reasonable Medical Care" under 42 U.S.C. § 1983 [Dkt. 28 at 17-18], negligence [Dkt. 28 at 19], and gross negligence [Dkt. 28 at 20] against seven defendants, including Marshal Garrison and RD Baltazar [Dkt. 28 at 5-8].[1] Plaintiff seeks monetary damages [Dkt. 28 at 22]; no injunctive relief is sought.

Plaintiff pleads, in relevant part, that he was arrested on federal criminal charges for "Interference with Commerce by Robbery; Aiding and Abetting in violation of 18 U.S.C. §§ 1915(a), 1915(2)" and "Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence; Aiding and Abetting in violation of 18 U.S.C. § 924(c)(1)(A)(ii)" in the Northern District of Texas. *United States v. Smith*, Cause No. 3:18-CR-324-M-3 (N.D. Tex. June 27, 2018), ECF No. 1. Plaintiff entered into a plea agreement on June 26, 2019 and pleaded guilty to the charges pending in the Northern District on August 6, 2019. *Id.* ECF Nos. 44, 58. Per Plaintiff, after pleading guilty, and while awaiting sentencing, Plaintiff was housed at FCDC

---

[1] The Court previously entered a report and recommendation recommending that Plaintiff's claims under § 1983 against the Corporate Defendants and Warden King be dismissed, and Plaintiff be allowed an opportunity to replead his claims under § 1983 against Fannin County, as well as his claims for negligence and gross negligence against the Corporate Defendants, Warden King, and Fannin County [Dkt. 67]. At present, this report remains pending.

[Dkt. 28 at 2]. There is no dispute that at the time Plaintiff was housed in FCDC he was a federal pre-trial detainee in the custody of the United States Marshal Service ("USMS").

Prior to his arrival at FCDC, and while in custody, Plaintiff was injured in a fight, resulting in an umbilical hernia [Dkt. 28 at 2, 9]. Plaintiff claims to have submitted multiple requests for medical treatment of his hernia while at FCDC, both verbal and in writing. Plaintiff avers that as a result of the non-treatment "his hernia has enlarged, its condition has worsened" and Plaintiff is now experiencing additional conditions and complications which threaten his life [Dkt. 28 at 11]. Notably, Plaintiff was sentenced on June 17, 2020 [Dkt. 28 at 3]. Following sentencing, per Plaintiff, he was housed in the Dallas County Jail for three months, then Oklahoma for two months, and then transferred to a BOP facility in Colorado in September 2020 [Dkt. 28 at 3]. To date, Plaintiff pleads he still has not received the requested surgery.[2]

Again, during his tenure at FCDC, Plaintiff claims medical care was refused to him, namely the surgery to fix his hernia. In connection with such allegations of denied medical care, Plaintiff makes brief references to both RD Baltazar and Marshal Garrison in his Amended Complaint [Dkt. 28]. All references to such Defendants are made in their supervisory capacity and allege no personal involvement by or on behalf of these Defendants. Specifically, Plaintiff pleads Marshal Garrison "was the Marshal charged with responsibility for making decisions regarding medical treatment for Federal detainees" [Dkt. 28 at 8]. Plaintiff further pleads as to Marshal Garrison: "the refusal of the Marshal to approve payment for a procedure does not render the procedure unnecessary"; and "when [Plaintiff's] condition worsened, it became an emergency requiring

---

[2] While Plaintiff's response makes assertions regarding Plaintiff's medical care following his tenure at the FCDC [Dkt. 63], the live pleading is directed to his care at FCDC while plaintiff was a pretrial detainee [Dkt. 28]. Moreover, in response to the instant Motion to Dismiss, Plaintiff seeks leave to amend his pleading. However, to the extent Plaintiff seeks to amend to assert claims against other facilities in which he has been housed, as will be discussed *infra*, the Eastern District of Texas is not the proper venue for such claims. *See* 28 U.S.C. § 1391(b).

immediate treatment without the need for prior approval by the United States Marshal" [Dkt. 28 at 13]. Plaintiff continues:

> [T]he United States Marshal was negligent and in fact exhibited deliberate indifference to [Plaintiff's] clearly established medical needs in failing to approve the needed treatment for him, and by so doing violated [Plaintiff's] Constitutional rights to adequate medical care. The delays occasioned in furnishing treatment to [Plaintiff], allegedly caused in part by the Marshal, have worsened [Plaintiff's] condition and caused him horrible and unnecessary suffering. Neither the Eighth nor Fourteenth Amendment recognize the legitimacy of allowing an inmate to suffer ongoing severe pain by labelling the treatment as "medically unnecessary."

> The obvious, wilful [sic], failure and refusal of LaSalle Corrections, King, Johnson, and Garrison, to provide the necessary medical care for [Plaintiff] was due to the long established policy, practice, customs, and procedures of LaSalle to provide as little medical care as possible, and as cheaply as possible, and thus constituted conscious and deliberate indifference to [Plaintiff's] urgent need for medical care. Further, the failure of Marshal Garrison to approve medical treatment for [Plaintiff], if it occurred, was a further example of the custom, pattern, and practice of denial of needed medical care in order to save money.

[Dkt. 28 at 14]. As to RD Baltazar, Plaintiff pleads only that he is "ultimately responsible for implementing recommendations from the Federal District Judges, and medical decisions regarding Federal prisoners" [Dkt. 28 at 8]. No other substantive references to RD Baltazar are made in the live pleading.

## LEGAL STANDARD

### *Federal Rule of Civil Procedure 12(b)(1)*

A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The Court generally will accept all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to Plaintiff. *Kumar v. Frisco Indep. Sch. Dist.*, 443 F. Supp. 3d 771, 777-78 (E.D. Tex. 2020) (citing *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994)). The Court may, however, consider affidavits and other evidence outside the pleadings in resolving a motion to dismiss under

Rule 12(b)(1). *Williamson v. Tucker*, 645 F.2d 4047, 412-13 (5th Cir. 1981); *Den Norske Stats Ojeselskap As v. HeereMac Yof*, 241 F.3d 420, 424 (5th Cir. 2001) (noting a court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts" in resolving jurisdictional issues). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction[.]" *Laufer v. Mann Hosp., L.L.C.*, No. 20-50858, 2021 WL 1657460, at *1 (5th Cir. Apr. 28, 2021) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits." *Kumar*, 443 F. Supp. 3d at 777 (citing *Ramming*, 281 F.3d at 161). Whether a government, its entities, or its representatives in their official capacity have immunity to suit presents a threshold, jurisdictional question that courts appropriately consider on a Rule 12(b)(1) motion. *See Truman*, 26 F.3d at 594.

### *Federal Rule of Civil Procedure 12(b)(6)*

A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. FED. R. CIV. P. 12(b)(6). The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows, that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)) (alteration in original).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 681. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must accept as true all well-pleaded facts contained in Plaintiff's Complaint and view them in the light most favorable to Plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)).[3]

---

[3] Because a court must accept as true all well-pleaded facts in the complaint, in determining whether to grant a motion to dismiss under Rule 12(b)(6), a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to the complaint and may also consider documents attached to a motion to dismiss and the response thereto, if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536; *Bradley v. PNC Bank, N.A.*, No. 4:14-CV37, 2014 WL 4829317, at *3 n.3 (E.D. Tex. Sept. 26, 2014) (considering note and assignment attached to Motion to Dismiss). While "the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). Thus, in connection with Defendants Rule 12(b)(6) grounds the Court will only consider the evidence attached to the Motion which is attached to or expressly referred to in the Amended Complaint [Dkt. 28].

**ANALYSIS**

Defendants urge Plaintiff's claims against them should be dismissed under both Rule 12(b)(1) and 12(b)(6)[4] because: (1) Plaintiff cannot assert claims under § 1983 against Defendants as they are federal officials; (2) Plaintiff's claims for money damages are barred by sovereign immunity; (3) even if Plaintiff had asserted claims under *Bivens*, Plaintiff failed to assert any personal involvement by Defendants; (4) Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"); and (5) Plaintiff's claims, if any, under the Federal Tort Claims Act ("FTCA") are also barred by his failure to exhaust his administrative remedies [Dkt. 55 at 12-20].

*Sovereign Immunity – Official Capacity Claims*

The Court first addresses Defendants' assertion that "[t]o the extent Plaintiff alleges constitutional-tort claims for money damages against Defendants in their respective official capacities, these claims must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because they are barred by sovereign immunity" [Dkt. 55 at 12]. Plaintiff avers in opposition only that "[c]ontrary to the arguments of the Federal Defendants, the Bureau of Prisons does not enjoy sovereign immunity" [Dkt. 63 at 13].

"A plaintiff may only sue the United States if its sovereign immunity is explicitly waived in a federal statute; this is a jurisdictional requirement." *Ellis v. Dep't of Veterans Affs.*, No. 1:15-CV-00227-RC, 2016 WL 11190108, at *2 (E.D. Tex. Dec. 1, 2016) (citing *Farmer v. La. Elec. & Fin. Crimes Task Force*, 553 F. App'x 386, 388 (5th Cir. 2014); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001)), *report and recommendation adopted*, No. 1:15-CV-227, 2017 WL

---

[4] Defendants alternatively move for summary judgment [Dkt. 55]. However, the Court finds that consideration of Defendants arguments is proper under Rule 12(b)(1) and 12(b)(6) and declines to convert the motion to one under Rule 56.

603322 (E.D. Tex. Feb. 14, 2017).  Indeed, "the United States cannot be sued unless its sovereign immunity has been explicitly and unequivocally waived through Congressional statute." *Taylor v. United States*, 292 F. App'x 383, 385 (5th Cir. 2008) (citations omitted); *see also Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) ("In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity.").  Any waiver of the sovereign immunity of the United States must clearly appear in statutory text and cannot be implied.  *Wagstaff*, 509 F.3d at 664; *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 2007); *see also Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (stating that a lack of waiver of sovereign immunity "deprives federal courts of subject matter jurisdiction").

Congress did not waive the United States' sovereign immunity via § 1983.  *See Perez v. United States*, No. C-10-246, 2011 WL 2618881, at *3 (S.D. Tex. July 1, 2011) (rejecting the argument that the United States waived sovereign immunity under § 1983); *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).[5]  Further, a suit against a federal officer in his or her official capacity, like RD Baltazar and/or Marshal Garrison, is really a suit against the United States.  *Smart v. Holder*, 368 F. App'x 591, 593 (5th Cir. 2010) (discussing a suit against the Attorney General and Acting United States Attorney in their official capacities as "suits against the government," which require the government to "waive its sovereign immunity" in order to proceed).

Here, Plaintiff's claims against RD Baltazar, in his official capacity, are actually claims against the Bureau of Prisons.  *See Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th

---

[5] This encompasses claims for money damages based on alleged violations of the Constitution.  *Morrison v. Wilson*, No. 4:20-CV-00222-O, 2021 WL 2716596, at *4 (N.D. Tex. June 30, 2021) (citing *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982)); *Abram v. USA*, No. 1:18-CV-415-P, 2018 WL 3371988, at *2 (W.D. La. June 18, 2018) ("The United States has not waived sovereign immunity in a *Bivens* suit for monetary damages or injunctive relief.") (citing *United States v. Rural Elec. Convenience Coop. Co.*, 922 F.2d 429, 434 (7th Cir. 1991)), *report and recommendation adopted*, No. 1:18-CV-415-P, 2018 WL 3371735 (W.D. La. July 10, 2018).

Cir. 2004) ("Gibson may bring a *Bivens* action against individual officers for a alleged constitutional violation, but he may not bring an action against the United States, the BOP, or BOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity."); *Herndon v. Bureau of Prisons*, No. 4:20-CV-1129-P, 2021 WL 3036950, at *2 (N.D. Tex. July 19, 2021) ("Although a Plaintiff may pursue a *Bivens* claim against individual federal officers for a constitutional violation in certain limited contexts, she may 'not bring a [*Bivens* action] against the United States, the Bureau of Prisons [BOP], or BOP officers in their official capacities as such claims are barred by sovereign immunity.'").  Plaintiff avers that "the Bureau of Prisons does not enjoy sovereign immunity[,]" in reliance on *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225 (10th Cir. 2005) [Dkt. 63 at 13-14].  In *Simmat*, the Tenth Circuit held that the Plaintiff's claims were not barred by sovereign immunity because the case was one seeking injunctive relief which fell under statutorily authorized exceptions, 5 U.S.C. § 702 and 28 U.S.C. § 1361.  *Simmat*, 413 F.3d at 1233-34.  Here, different than *Simmat*, Plaintiff is requesting monetary, not injunctive relief.  Other courts have found the Bureau of Prisons enjoys sovereign immunity where money damages are sought.  *See Herndon*, 2021 WL 3036950, at *2 ("As a result, plaintiff Herndon may not seek relief for alleged violations of her constitutional rights against the Bureau of Prisons or against the individual defendants in an official capacity, and thus such claims must be dismissed."); *Hamer v. Cent. Off. Admin. Remedy*, No. 4:19-CV-115-O, 2021 WL 389789, at *2 (N.D. Tex. Feb. 4, 2021) ("[A]lthough Hamer may bring a *Bivens* action against individual officers for alleged violations of his rights, he 'may not bring an action against the United States, the BOP, or BOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity.") (citing *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir.

2004) (Plaintiff "may not bring an action against the United States, the BOP, or BOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity.")).

Similarly, Plaintiff's claims against Marshal Garrison, in his official capacity, are really brought against the USMS. *See Garrett v. Rose*, No. SA-20-CV-00748-XR, 2021 WL 2342875, at \*4 (W.D. Tex. June 8, 2021) ("Thus, any claims against Rose, a Deputy United States Marshal, in his [official capacity] are merely claims against the USMS."). The law is clear that Plaintiff's claims for alleged constitutional violations against the United States or the Marshal's Service are barred by the doctrine of sovereign immunity. *See Morales v. U.S. Marshalls Serv. Austin, Div.*, No. A-10-CA-013-LY, 2010 WL 841321, at \*1 (W.D. Tex. Mar. 5, 2010) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (finding there is no direct cause of action for damages against a federal agency because of sovereign immunity); *Sheid v. U.S. Marshal Serv.*, No. H–08–CV–3295, 2009 WL 1750379 (S.D. Tex. June 17, 2009) (holding USMS is protected by sovereign immunity)); *Saulters v. United States*, No. W-16-CV-025-RP, 2017 WL 11072171, at \*1 (W.D. Tex. Jan. 3, 2017) ("Plaintiff's claims alleging a federal constitutional violation against the United States of America and the United States Marshals Service are barred by sovereign immunity."); *Garrett*, 2021 WL 2342875, at \*4 ("Thus, with regard to Garrett's *Bivens* claim against the USMS, the Court finds it is barred by the doctrine of sovereign immunity, rendering such claim subject to dismissal for want of jurisdiction.").

In sum, any claim against RD Baltazar and Marshal Garrison in their official capacity are barred for the same reasons such claims are barred against the BOP or USMS. *See Garrett*, 2021 WL 2342875, at \*4 ("for the same reasons Garrett's claims against the USMS are barred and subject to dismissal for want of jurisdiction, so are any claims against Deputy Marshal Rose in

his"). Plaintiff's claims under § 1983, specifically to the extent Plaintiff alleges his Fifth and Eighth Amendment rights were violated by RD Baltazar and Marshal Garrison in their official capacities, are barred by sovereign immunity and should be dismissed for lack of subject matter jurisdiction. *See Watkins v. Upton*, No. 1:11CV244, 2019 WL 275725, at *3 (E.D. Tex. Jan. 20, 2019) (dismissing without prejudice claims against federal officials in their official capacities after noting the "United States has not waived sovereign immunity for alleged constitutional violations"), *aff'd*, 813 F. App'x 164 (5th Cir. 2020).[6]

### *42 U.S.C. § 1983 – Not Applicable to Federal Officials*

Defendants further argue that Plaintiff may not assert a claim against them under § 1983, because Defendants are federal officials who "cannot be sued under 42 U.S.C. § 1983" [Dkt. 55 at 12]. Plaintiff does not respond to Defendants' argument that § 1983 is inapplicable to them as federal officials, but rather requests leave to amend his complaint to clarify his claims against Defendants [Dkt. 63 at 6-10].

"Section 1983 liability results when a person acting under color of *state* law, deprives another of rights secured by the Constitution or federal law." *Thurman v. Med. Transp. Mgmt., Inc.*, 982 F.3d 953, 956 (5th Cir. 2020) (quoting *Doe v. United States*, 831 F.3d 309, 314 (5th Cir. 2016)) (internal quotation marks omitted) (emphasis added). Or stated differently, § 1983 provides a cause of action against state actors for violations of federal rights. *See Mauro v. Freeland*, 735

---

[6] While Plaintiff contends that he should be allowed time for discovery prior to dismissal of this action [Dkt. 63 at 6], Defendants argue, and the Court agrees that delaying a decision on the Motion to Dismiss to allow for discovery is not necessary [Dkt. 65 at 4-6]. A plaintiff is "not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Joiner v. United States*, 955 F.3d 399, 407 (5th Cir. 2020) (citing *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009)). That burden is even greater when "the party seeking discovery is attempting to disprove the applicability of an immunity-derived bar to suit because immunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery." *Id.* at 407-08. Here, the Court has found that Defendants are entitled to sovereign immunity, and Plaintiff has failed to show that any request discovery would produce facts sufficient to withstand a Rule 12(b)(1) motion, thus, Plaintiff's request for discovery should be denied.

F. Supp. 2d 607, 614 (S.D. Tex. 2009).  However, § 1983 claims are not applicable to federal officials.  *See Butts v. Martin*, 877 F.3d 571, 588 (5th Cir. 2017) (noting that "a *Bivens* actions is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials"); *Reed v. Tran*, No. 3:19-CV-02153-X-BN, 2021 WL 1055092, at *1 (N.D. Tex. Mar. 19, 2021) ("[T]here is no statutory law that allows section 1983 claims against federal officials.  Section 1983 provides a remedy against state officials and private actors.").  No Party disputes that Marshal Garrison and RD Baltazar are federal officials.  For this additional reason, Plaintiff's § 1983 claims against RD Baltazar and Marshal Garrison should be dismissed without prejudice for lack of subject-matter jurisdiction. *See Parham v. Clinton*, No. CIV.A. H-09-1105, 2009 WL 2870671, at *8 (S.D. Tex. Aug. 31, 2009) ("It is undisputed that all of the defendants are federal officials.  Thus, § 1983 does not confer subject matter jurisdiction because this statute applies only to state actors, and not federal agencies or officials."), *aff'd*, 374 F. App'x 503 (5th Cir. 2010); *Walker v. Ham*, No. 3:14-CV-104, 2016 WL 4718192, at *4 (S.D. Tex. Sept. 8, 2016) ("Because the federal defendants in this case were operating under federal authority, [plaintiff] is not entitled to relief under 42 U.S.C. § 1983.  However, constitutional violations by federal officials are actionable under *Bivens*[.]").

### *Bivens – Individual Capacity Claims*

Defendants argue that even if the Court were to assume or to construe that Plaintiff had asserted claims against them in their individual capacities under *Bivens*, such claims would still be subject to dismissal because: (1) Plaintiff failed to plead personal involvement as to each Defendant; and (2) Plaintiff failed to plead a claim for violation of his Fifth or Eighth Amendment rights [Dkt. 55 at 13-18].  Plaintiff, in response, avers only that amendment should be permitted and that "[t]o the extent, if at all, that Garrison and Baltazar were not personally involved in the

denial of care to Plaintiff, then the liability under *Bivens* would be upon one or more of the Doe Defendants" [Dkt. 63 at 6-10].

A plaintiff seeking recovery from a federal official for violation of federal constitutional rights has a right of action analogous to a § 1983 action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). *See Abate v. S. Pac. Transp. Co.*, 993 F.2d 107, 110 n.14 (5th Cir. 1993) (*Bivens* "extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983"); *Grainger v. Fed. Bureau of Prisons*, No. C–08–387, 2009 WL 47127, at *2 (S.D. Tex. Jan. 6, 2009) ("[a] *Bivens* action is the counterpart to a § 1983 civil rights action and extends to parties injured by federal actors the protections afforded under § 1983 to parties injured by state actors.") (citing *Carlson v. Green*, 446 U.S. 14, 18 (1980)). "The Supreme Court's decision in *Bivens*. . . recognized an implied private cause of action for certain alleged constitutional violations by federal officials." *Ambriz v. United States*, No. 4:19-CV-474-O, 2020 WL 4000831, at *5 (N.D. Tex. July 15, 2020). A *Bivens* action "provides a cause of action only against government officers in their *individual* capacities." *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (emphasis added); *see also Patterson v. Def. POW/MIA Accounting Agency*, 343 F. Supp. 3d 637, 648 (W.D. Tex. 2018) (dismissing a *Bivens* claim against a federal official because the claim was asserted against the official in his or her official capacity—not individual capacity).

**No Personal Involvement**

Vicarious liability is inapplicable to a *Bivens* claim; a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. at 663 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, the plaintiff in a suit such as the present one must plead that each Government-official

defendant, through his own individual actions, has violated the Constitution.") (citing *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *Shaw v. Villanueva*, 918 F.3d 414, 417 (5th Cir. 2019) ("vicarious liability doesn't apply to *Bivens* and § 1983 suits").  To be clear, in order to state a *Bivens* claim, a Plaintiff must allege the personal involvement of each defendant. *Stone v. Wilson*, No. 4:20-CV-406-O, 2021 WL 2936055, at *4 (N.D. Tex. July 13, 2021) (citing *Guerrero-Aguilar v. Ruano*, 118 F. App'x 832, 833 (5th Cir. 2004)).  Under Bivens, a supervisory federal employee and/or official may be held liable only where he has personal involvement in the acts that caused the deprivation of a constitutional right or if he implements or enforces a policy that causally results in a deprivation of constitutional rights. *Keys v. United States*, No. 3:17-CV-2940-N-BH, 2020 WL 2753143, at *4 (N.D. Tex. Apr. 20, 2020), *report and recommendation adopted*, No. 3:17-CV-2940-N-BH, 2020 WL 2745604 (N.D. Tex. May 27, 2020).  Without personal involvement or participation in an alleged constitutional violation, the individual against whom a *Bivens* claims is asserted should be dismissed as a defendant.[7]  *Id.* (citing *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998) (citing *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987))).

Here, Plaintiff makes no allegations that establish the personal involvement of either RD Baltazar or Marshal Garrison in any purported constitutional violations.  Indeed, upon review of Plaintiff's complaint, the Court finds that RD Baltazar is only mentioned three times in the body

---

[7] Moreover, even if Plaintiff had properly brought his claims under § 1983, such claims would similarly be subject to dismissal for failure to plead any personal involvement by Defendants.  Under § 1983 supervisory officials are also not liable for the actions of subordinates on any theory of vicarious liability; the doctrine of *respondeat superior* does not apply to such actions. *Carnaby v. City of Hous.*, 636 F.3d 183, 189 (5th Cir. 2011).  "Rather, a plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (citing *Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003) (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987))).  Therefore, even if the Court were to find that Plaintiff's claims against RD Baltazar and Marshal Garrison should be considered under § 1983, such claims would fail and should be dismissed.

of Plaintiff's complaint, in the introduction, as a listed party, and in the prayer, none of which allege any personal involvement on his part [Dkt. 28 at 1, 8, 21]. Any allegations Plaintiff makes regarding his medical care is made referencing only the Bureau of Prisons and is wholly devoid of reference to any personal involvement by RD Baltazar [Dkt. 28 at 3, 15]. *See Lineberry v. United States*, 436 F. App'x 293, 295 (5th Cir. 2010) (finding plaintiff's conclusory allegations were insufficient to establish personal involvement where plaintiff "alleged [only] constitutional deprivations and [] approval of unconstitutional policies or plans" by the director of the Bureau of Prisons); *see also Yoo v. FBI NICS*, No. 4:20-CV-665-P, 2021 WL 1541606, at *4 (N.D. Tex. Apr. 20, 2021) ("Other than listing Barker's name, Yoo does not allege any facts against him. Thus, Yoo's [*Bivens*] claims against Barker must be dismissed."). Thus, any construed claim by Plaintiff under *Bivens* against RD Baltazar should be dismissed.

The Court further finds that Plaintiff has failed to plead any personal involvement by Marshal Garrison. Plaintiff refers to Marshal Garrison more frequently than he did to RD Baltazar [Dkt. 28 at 1, 8, 13-15, 21], however, such references similarly fail to identify any personal involvement on the part of Marshal Garrison and refer only to his supervisory capacity. For example, Plaintiff complains Marshal Garrison "was the Marshal charged with responsibility for making decisions regarding medical treatment for Federal detainees" [Dkt. 28 at 8]. Plaintiff's conclusory allegations that Marshal Garrison was involved in the decision to approve or deny medical care is insufficient to establish personal involvement to support a *Bivens* claim. *See Perryman v. Wilson*, No. 4:19-CV-199-P, 2020 WL 1159387, at *12 (N.D. Tex. Mar. 10, 2020) ("Relying on Hyder's role as Clinical Director and Chairman of the Utilization Review Committee, Perryman alleges that he 'participated in a process' that delayed his surgery. But, Perryman does not allege facts showing that Hyder was *actually* involved in the approval and timing of the surgery

or caused a delay. . . Nor do Perryman's allegations establish that Wilson and Hyder delayed

surgery in furtherance of some improper cost-cutting policy.  Perryman alleges insufficient facts

from which the Court can reasonably infer that such a policy exists, that either Wilson or Hyder

were personally involved therewith, or that the alleged policy caused the delay in this particular

instance.").  Thus, for Plaintiff's failure to allege any personal involvement of Marshal Garrison,

any construed *Bivens* claim should be dismissed.[8] [9]

---

[8] Plaintiff himself seemingly concedes that there was no personal involvement by RD Baltazar and Marshal Garrison, stating "[t]o the extent, if at all, that Garrison and Baltazar were not personally involved in the denial of care to Plaintiff, then the liability under Bivens would be upon one or more of the Doe Defendants" [Dkt. 63 at 8].  *See Stone*, 2021 WL 2936055, at *4 ("To the extent [plaintiff] asserts claims against any of these three defendants based upon the alleged failures of subordinate officers, such claims of vicarious liability do not state claims for relief under *Bivens* and must be dismissed."); *Gallagher v. Dhillion*, No. 3:18-CV-2801-C-BH, 2020 WL 2737246, at *6 (N.D. Tex. May 7, 2020) ("Plaintiff has not alleged either personal involvement by the United States Attorney General or the DEA Director, and he has not alleged that they implemented a policy that causally resulted in the violation of his rights. . . Even assuming Plaintiff is alleging that the DEA Director failed to train or supervise the DEA employees, he has failed to plead any facts in support of his claim.  Any *Bivens* claim against the United States Attorney General or the DEA Director in their individual capacities should be dismissed as frivolous or for failure to state a claim."), *report and recommendation adopted*, No. 3:18-CV-2801-C-BH, 2020 WL 2736535 (N.D. Tex. May 26, 2020), *appeal dismissed sub nom. Gallagher v. Dhillon*, No. 20-10518, 2020 WL 7055810 (5th Cir. Sept. 15, 2020).

[9] Any claim for denial of medical care against RD Baltazar and Marshall Garrison are "analyzed under the Due Process Clause of the Fifth Amendment or under the Eighth Amendment, [and] the standard is deliberate indifference." *Jefferally v. Barr*, No. CV H-19-1244, 2019 WL 3935977, at *3 (S.D. Tex. Aug. 20, 2019) (citing *Hare v. City of Corinth*, 74 F.3d 633 (5th Cir. 1996)).  An official is deliberately indifferent if he "knows that [the] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Grogan v. Kumar*, 873 F.3d 273, 277-78 (5th Cir. 2017) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).  However, disagreement with a provider's treatment, negligence, or malpractice does not state a plausible basis for deliberate indifference that could state a constitutional violation. *Jefferally*, 2019 WL 3935977, at *3 (citing *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001)); *Gaspard v. Unknown First Defendant*, No. CV 19-478-BAJ-EWD, 2020 WL 1239680, at *3 (M.D. La. Feb. 25, 2020) ("Conclusory allegations that specific medical care is necessary based on Plaintiff's opinion are insufficient to state a claim for deliberate indifference to a serious medical need."), *report and recommendation adopted*, No. CV 19-00478-BAJ-EWD, 2020 WL 1237013 (M.D. La. Mar. 13, 2020), *motion for relief from judgment denied*, No. CV 19-00478-BAJ-EWD, 2021 WL 261665 (M.D. La. Jan. 26, 2021).  Plaintiff's allegation that "the United States Marshal was negligent and in fact exhibited deliberate indifference to [Plaintiff's] clearly established medical needs in failing to approve the needed treatment for him, and by so doing violated [Plaintiff's] Constitutional rights to adequate medical care" is insufficient to establish deliberate indifference under either the Fifth or Eighth Amendment. *See Sneed v. Ibarra*, No. EP17CV00072PRMATB, 2017 WL 1180965, at *4 (W.D. Tex. Mar. 29, 2017) (in screening the case under 28 U.S.C. § 1915, the Court found that Plaintiff's allegations that defendants denied him his scheduled appointments with VA providers were "entirely conclusory and that Plaintiff fail[ed] to state a claim for deliberate indifference" under the Eighth Amendment).

*Exhaustion*

**Prison Litigation Reform Act**

Defendants argue that Plaintiff's claims against RD Baltazar should be dismissed as he "failed to exhaust all administrative remedies available to him under the [Prison Litigation Reform Act ("PLRA")] before he filed suit against RD Baltazar" and further, "the Bureau of Prisons records also reflect that Plaintiff has not exhausted his administrative remedies under all three tiers of the PLRA grievance process" [Dkt. 55 at 19]. The PLRA provides that prisoners are required to exhaust their administrative remedies before filing suit. *Jones v. Bock*, 549 U.S. 199, 202 (2007). Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. *Emanuel v. Carden*, No. 3:15-CV-667-M (BT), 2018 WL 3054688, *2 (N.D. Tex. May 29, 2018) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)), *report and recommendation adopted*, No. 3:15-CV-667-M (BT), 2018 WL 3046205 (N.D. Tex. June 20, 2018).

Defendants aver that Plaintiff has failed to exhaust his administrative remedies with the Bureau of Prisons. Under the Administrative Remedy Program, an inmate incarcerated in a Bureau of Prisons facility is to first submit a complaint informally to institution staff and, if the complaint is not resolved to his satisfaction, the inmate must commence a three-level administrative procedure within the BOP. 28 C.F.R. §§ 542.14, 542.15. An inmate has not fully exhausted this administrative program until he has appealed through all levels. *Beard v. Bureau of Prisons*, No.

4:11-CV-383-Y, 2013 WL 5951160, at *5 (N.D. Tex. Nov. 7, 2013) (citing *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994), *cert denied*, 516 U.S. 835 (1995)).

Here, Plaintiff does not plead, nor provide any support in response to Defendants' argument, establishing exhaustion. Plaintiff has failed to submit any grievance or appeals reflecting exhaustion (that he pursued the grievance process to completion related to his medical care) or any reason why he might be excused from doing so to either his Amended Complaint [Dkt. 28] or his Response [Dkt. 63]. Indeed, Plaintiff provides the Court only one "Request for Administrative Remedy" [Dkt.63-2 at 12] and one "Informal Resolution Form" [Dkt. 63-1 at 14], which are insufficient to establish exhaustion of administrative remedies. *See Trigg v. Wiginton*, 600 F. App'x 295, 296 (5th Cir. 2015) ("A prisoner has not exhausted his administrative remedies until his claim has been filed and denied at all levels."). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because Plaintiff has failed to establish that he exhausted his administrative remedies, for this additional reason Plaintiff's claims should be dismissed. *See Bilnoski v. Hall*, No. 9:18CV154, 2020 WL 5351606, at *4 (E.D. Tex. Aug. 3, 2020) (Granting the defendant's motion to dismiss where "plaintiff did not properly pursue his claims through all steps of the grievance process in a timely and procedurally correct manner."), *report and recommendation adopted*, No. 9:18CV154, 2020 WL 5298823 (E.D. Tex. Sept. 3, 2020).

**Federal Tort Claims Act**

Harkening back to Rule 12(b)(1), the Court also addresses Defendant's arguments that Plaintiff's claims for negligence and gross negligence fail under the FTCA [Dkt. 55 at 19-20]. Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's tort claims

REPORT AND RECOMMENDATION – Page 18

"because Plaintiff has failed to follow the FTCA's pre-lawsuit requirement of exhausting his administrative remedies of the complained of acts prior to filing suit" [Dkt. 55 at 20]. Plaintiff argues that the "'exhaustion of administrative remedies' argument requires discovery" [Dkt. 63 at 14].

"The FTCA is the exclusive waiver of sovereign immunity for tort claims or its agencies." *Farmer v. La. Elec. & Fin. Crimes Task Force*, 553 F. App'x 386, 388 (5th Cir. 2014) (citing 28 U.S.C. §§ 1346, 2679(a)). "Courts consider whether the FTCA applies via a Rule 12(b)(1) motion, because whether the government has waived its sovereign immunity goes to the court's subject matter jurisdiction." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (citation omitted).[10] As already once noted, "[a] plaintiff may only sue the United States if its sovereign immunity is explicitly waived in a federal statute[.]" *Ellis*, 2016 WL 11190108, at *2 (citing *Farmer*, 553 F. App'x at 388; *Jeanmarie*, 242 F.3d at 602). "With the FTCA, Congress waived the United States' sovereign immunity as to some claims and not others." *Oliva v. Nivar*, 973 F.3d 438, 444 (5th Cir. 2020) (citing *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484-85 (2006)). More specifically, Congress waived the United States' sovereign immunity in a civil action against the United States for money damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

---

[10] Other in-circuit courts, including this Court, have dismissed FTCA claims after finding a failure to exhaust under Rule 12(b)(1). *See, e.g.*, *Caldwell v. United States*, No. 4:03-cv-489 (E.D. Tex. 2003); *Ellis v. Dep't of Veterans Affairs*, No. 1:15-CV-00227-RC, 2016 WL 11190108, at *1-4 (E.D. Tex. Dec. 1, 2016), *report and recommendation adopted*, No. 1:15-CV-227, 2017 WL 603322 (E.D. Tex. Feb. 14, 2017); *United States v. Hollis*, No. SA-08-CV-0362 NN, 2008 WL 4179474, at *2 (W.D. Tex. Sept. 7, 2008); *McKendall v. U.S. Army Corps of Engineers New Orleans Dist.*, No. 11-2964, 2014 WL 556735, at *2-3 (E.D. La. Feb. 11, 2014); *Johnson v. United States*, No. 3:98CV159-B-A, 1999 WL 33537218, at *1-2 (N.D. Miss. June 14, 1999); *Frost v. Young*, No. 2:12-CV-1985, 2012 WL 6043031, at *8 (W.D. La. Dec. 3, 2012).

28 U.S.C. § 1346(b)(1); *see also M.D.C.G. v. United States*, 956 F.3d 762, 768 (5th Cir. 2020).

Prior to commencement of a suit, however, the claims must be exhausted.  The requirement of

exhaustion of administrative review is a jurisdictional prerequisite to the filing of an action under

the FTCA.  "Exhaustion . . . cannot be waived." *Coleman v. United States*, 912 F.3d 824, 834 (5th

Cir. 2019).  "The Supreme Court has recognized that strict compliance with the administrative

exhaustion procedures outlined in the FTCA is required of a plaintiff who institutes an action

against the United States." *Mendoza v. United States*, No. 4:20-CV-154-O, 2020 WL 6737871, at

*2 (N.D. Tex. Nov. 17, 2020) (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993)).  Since

presentment of an administrative claim is jurisdictional, it must be pleaded and proven by the

FTCA claimant.  *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016); *Bustos v. United

Parcel Serv., Inc.*, No.  H-19-2979, 2020 WL 3965991, at *2 (S.D. Tex. June 30, 2020), *report

and recommendation adopted*, No. H-19-2979, 2020 WL 3963761 (S.D. Tex. July 13, 2020).

Nowhere in Plaintiff's complaint, nor his response to the instant Motion, does Plaintiff aver

that he has exhausted [Dkts. 28; 63].  Moreover, Plaintiff does not attach any form to his live

pleading or response to indicate exhaustion of his administrative remedies.  To the extent Plaintiff

intended to assert claims of negligence and gross negligence against RD Baltazar and Marshal

Garrison, those claims should be dismissed without prejudice. *See Banks v. United States*, No. 05-

6853, 2007 WL 1030326, at *6 (E.D. La. Mar. 28, 2007) (dismissing the plaintiffs' FTCA claims

without prejudice after concluding there is no "evidence that a FTCA claim has been presented to

the appropriate agency" despite the plaintiffs' allegation that they exhausted their administrative

remedies); *Matz v. Fed. Bureau of Prisons*, No. EP-05-CA-408-DB, 2007 WL 496713, at *5 (W.D.

Tex. Jan. 12, 2007) (dismissing the plaintiff's FTCA claims without prejudice after concluding the

plaintiff has not "provided the Court with evidence that he has exhausted his administrative

remedies under the FTCA"); *Scott v. Willis*, No. EP-17-CV-339-DCG, 2019 WL 488924, at *2 (W.D. Tex. Feb. 7, 2019) ("'[B]ecause Scott has not shown that he has presented his claim to the BOP as required by the FTCA, he has not met his burden to show that this Court has jurisdiction over his FTCA claim.' Thus, Defendants are entitled to dismissal of Scott's FTCA claim under Rule 12(b)(1).") (internal citation omitted); *United States v. Hollis*, SA-08-CV-0362 NN, 2008 WL 4179474, at *2 (W.D. Tex. Sept. 7, 2008) (granting defendant's motion to dismiss for lack of subject matter jurisdiction where the government presented an affidavit showing that Hollis never filed an administrative tort claim with the agency that made the student loans).

### *Request for Leave to Amend*

In his Response, Plaintiff requests the Court grant him leave to amend his complaint "to clarify the claims against the federal defendants and the relief sought" [Dkt. 63 at 6]. Specifically, Plaintiff requests leave to amend to "provide more specific allegations" and to "amend the relief requested to make it clear that he is seeking injunctive relief to require the [f]ederal [d]efendants to provide corrective surgery and any other treatment necessary to make certain that he is receiving proper medical care" [Dkt. 63 at 10]. Defendants respond that allowing Plaintiff to amend his complaint would be futile as:

> First, there is nothing left for Plaintiff to clarify by amendment as Defendants' Motion addressed both scenarios of Defendants being sued in their individual and respective official capacities. Second, it is clear from Plaintiff's Response there are no such specific facts he can allege as to the Defendants to state a *Bivens* claim. Third, even if Plaintiff were to amend his complaint seeking injunctive relief only, this amendment would not change the jurisdictional issues caused by Plaintiff's failure to exhaust all administrative remedies available to him under the PLRA and FTCA. Finally, seeking leave to amend the John and Jane Does to state more *Bivens* claims against other individuals does not affect nor would it cure the faulty nature of the Complaint.

[Dkt. 65 at 9].

REPORT AND RECOMMENDATION – Page 21

The Court agrees that Plaintiff's request for amendment against these Defendants should be denied as futile. Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). "Where a court's permission for leave to amend is required because the amendment is not a matter of course, leave to amend 'shall be freely given when justice so requires.'" *Id.* (citing *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)); FED. R. CIV. P. 15(a)(2). Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment. *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

Plaintiff has already once amended his complaint [Dkt. 28]. To the extent Plaintiff requests leave to amend his complaint to assert a claim under *Bivens* against RD Baltazar and Marshal Garrison, the Court finds amendment would be futile. Plaintiff has failed to plead any personal involvement and seemingly concedes in his filings none exists; absent personal involvement no *Bivens* claim can lie. *Stone*, 2021 WL 2936055, at *4 (citing *Guerrero-Aguilar*, 118 F. App'x at 833). Moreover, Plaintiff is no longer housed at FCDC. Transfer to another prison renders moot claims for declaratory and injunctive relief relating to penitentiary-specific conditions-of-confinement (to the extent Plaintiff would assert such relief in an amended complaint). *Doe*, 2011 WL 4962060, at *4; *see also McCoy v. Alamu*, 950 F.3d 226, 234 (5th Cir. 2020) ("McCoy's transfer to a different prison mooted any claim for injunctive relief."); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (claims for injunctive and declaratory relief based on exposure to asbestos were mooted by transfer to another prison); *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (claims for injunctive relief based on denial of food at prior jail were

REPORT AND RECOMMENDATION – Page 22

moot); *Black v. Colunga*, 656 F. Supp. 2d 625, 633 (E.D. Tex. 2009) ("Plaintiff's request for injunctive relief regarding his safety became moot upon his transfer."); *Johnson v. Livingston*, 779 F. App'x 254, 255 (5th Cir. 2019) ("After Johnson filed his complaint, he was transferred from the Eastham Unit to the Stringfellow Unit. Johnson's transfer mooted his claims for declaratory and injunctive relief."). And, as pointed out in the related report [Dkt. 67], the Eighth Amendment provides protections for prisoners, not pretrial detainees. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and . . . the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.") (internal quotations and citations omitted). Plaintiff was a pretrial detainee during his tenure at FCDC. By Plaintiff's own pleadings, following sentencing Plaintiff was held for three months "in the Dallas County Jail, then for another two months in Oklahoma facilities, and then transferred to a facility in Colorado at the end of September 2020" [Dkt. 28 at 3]. Therefore, any "event or omission" giving rise to a claim under the Eighth Amendment did not occur in this judicial district. *See Flores v. TDCJ Transitorial Plan. Dep't S. Region Inst. Div.*, No. 2:14-CV-283, 2015 WL 3727833, at *6 (S.D. Tex. June 15, 2015) ("[V]enue is proper in the Laredo Division[, rather than the Corpus Christi Division]. Accordingly, it is respectfully recommended that the Court dismiss these claims without prejudice to Plaintiff refiling them in the proper court should he so desire.") (internal citation omitted), *report and recommendation adopted as modified sub nom. Flores v. TDCJ Transitorial Plan. Depart. S. Region Inst. Div.*, No. 2:14-CV-283, 2015 WL 5554630 (S.D. Tex. Sept. 21, 2015); *Padgett v. Dall. Cnty. Sheriff's Off.*, No. 3:02-CV-1732-M, 2003 WL 22952522, at *2 (N.D. Tex. Feb. 12, 2003) ("Plaintiff's motion to amend should be denied due to improper venue, but without prejudice to his filing of an action in the Galveston Division of the Southern

District of Texas, *see* 28 U.S.C. §§ 124(b)(1) and 1406(a).”), *supplemented*, No. 3:02-CV-1732-M, 2003 WL 21435518 (N.D. Tex. June 12, 2003)).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants U.S. Marshal John M. Garrison and Bureau of Prisons South Central Regional Director Juan Baltazar, Jr.’s Motion to Dismiss, or Alternatively, Motion for Summary Judgment [Dkt. 55] be **GRANTED** as set forth herein.  Plaintiff’s claims against Marshal Garrison and RD Baltazar should be **DISMISSED**.

Within fourteen (14) days after service of the magistrate judge’s report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge’s report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass’n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 27th day of August, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION – Page 24