# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DUSTIN ALAN ROWLAND § | |
| § | Civil Action No. 4:20-CV-847 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| SOUTHWEST CORRECTIONAL, LLC, § | |
| ET AL. § | |

### MEMORANDUM ADOPTING REPORT AND
### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 27, 2021, the report of the Magistrate Judge (Dkt. #69) was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss (Dkt. #55) be granted, and Plaintiff's claims against USM Garrison and RD Baltazar be dismissed.

Having received the report of the Magistrate Judge, considered Plaintiff's Objection (Dkt. #70), the Government's Response (Dkt. #73), and Plaintiff's Reply (Dkt. #75), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

### OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).

Plaintiff's live pleading asserts claims against USM Garrison and RD Baltazar in their official capacities for negligence, gross negligence, and constitutional violations under § 1983,

stemming from Plaintiff's alleged lack of medical treatment while a federal pretrial detainee at the Fannin County Detention Center (Dkt. #28 at pp. 8, 13–14).[1] Plaintiff objects to the Magistrate Judge's recommendation for dismissal, advancing dismissal is not warranted because: (1) Plaintiff seeks leave to amend to assert claims for injunctive relief; (2) transfer to another prison does not moot the relief sought because the "capable of repetition yet evading review" exception to the mootness doctrine applies; (3) claims against the BOP can be asserted in any judicial district, regardless of where Plaintiff is housed; and (4) Plaintiff was prevented from exhausting his administrative remedies, and he should be permitted additional discovery in order to demonstrate that his efforts to exhaust have been frustrated (Dkt. #70 at pp. 2–3).

*Plaintiff's Objections*

Plaintiff objects that his claims should not be dismissed, as he seeks leave to assert claims for injunctive relief (Dkt. #70 at pp. 3–4). More specifically, Plaintiff argues "amend[ing] his complaint for the purpose of adding a request for injunctive relief compelling the Federal Defendants to furnish the needed medical care for Rowland will cure any defect in overcoming the defense of sovereign immunity" (Dkt. #70 at pp. 4–5). In response, the Government argues "[i]t would be pointless to allow Plaintiff to assert claims for prospective injunctive relief against the USMS at this point because he is no longer in USMS custody," and "injunctive claims for relief against the BOP would also fail because . . . Plaintiff failed to exhaust all administrative remedies" (Dkt. #73 at p. 3).

As an initial matter, to the extent Plaintiff broadly asserts the Magistrate Judge stated sovereign immunity is waived for all claims for injunctive relief, Plaintiff misstates the report's finding. The Magistrate Judge distinguished *Simmat*, upon which Plaintiff relies, as inapposite to

---

[1] The Court has previously dismissed Plaintiff's claims against the other named defendants (Dkts. #67; #71).

the instant case because Plaintiff's live pleading seeks monetary relief, whereas in *Simmat*, the plaintiff sought injunctive relief against prison officials and the BOP for allegedly deficient dental care. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1230 (10th Cir. 2005). Moreover, and relevant here, as the *Simmatt* court correctly explained, a prisoner must still exhaust administrative remedies regardless of the type of relief he seeks. *See Simmat*, 413 F.3d at 1233; *see also Vargas v. Ponzio*, No. 1:19CV187, 2021 WL 4900979, at *2 (E.D. Tex. Aug. 31, 2021) (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)), *report and recommendation adopted*, No. 1:19CV187, 2021 WL 4894475 (E.D. Tex. Oct. 20, 2021). Asserting a claim for injunctive relief would be futile upon consideration of the issues raised by Plaintiff's remaining objections, Plaintiff's transfer, and exhaustion of administrative remedies.

***Transfer to BOP Facility***

While Plaintiff argues that it does not matter which specific prison is housing Plaintiff, given that the USMS and BOP are nationwide in scope, "the Fifth Circuit has repeatedly held that transfer to another prison renders moot claims for declaratory and injunctive relief relating to penitentiary-specific conditions-of-confinement." *See Doe v. Carter*, No. 7:10-CV-147-O, 2011 WL 4962060, at *4 (N.D. Tex. Oct. 19, 2011) (internal citation omitted); *Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) ("This request for injunctive relief was intended to correct the policies and practices of FDC Oakdale. [Plaintiff] was transferred out of FDC Oakdale in 1998. Therefore, any claims for injunctive relief to correct procedures and practices at that facility are moot."); *see also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that a plaintiff's transfer to a different prison facility rendered his claims for declaratory and injunctive relief moot); *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that an inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief); *Hernandez*

3

*v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (per curiam) (holding that a prisoner's Eighth Amendment claims, including allegations of overcrowding and denial of adequate medical treatment, were moot after he was transferred to another correctional facility and the only remedy he sought was a transfer).

Plaintiff is currently housed at FCI Florence, a BOP facility in Colorado, and has been there since September 2020, for well over a year. As the Government points out, Plaintiff is in Colorado for the long haul – to serve out his 108-month federal sentence. Thus, any claim for prospective injunctive relief related to Plaintiff's medical care during his pretrial detention at the Fannin County Detention Center is moot. *See Borgos v. Laperton*, No. 3:16-CV-2936-N-BK, 2017 WL 2912739, at *2 (N.D. Tex. June 10, 2017) (citing *James v. Mason*, 513 F. App'x 364, 368 (5th Cir. 2013)) ("Even assuming Plaintiff had sued a proper BOP officer in his or her official capacity for prospective injunctive relief, that claim would have been rendered moot by Plaintiff's subsequent transfer from FCI Seagoville to Elkton FCI, where he is presently confined."), *report and recommendation adopted*, No. 3:16-CV-2936-N-BK, 2017 WL 2902679 (N.D. Tex. July 7, 2017).

Plaintiff argues his transfer should not moot his claim in the instant cause given "Rowland's history of being transferred from one facility, held there for a short time, and then transferred again, and the fact that he has no control whatsoever over where and when the next transfer may occur" (Dkt. #70 at p. 4) (internal citation omitted). Plaintiff urges this case is "a prototypical example" of the "capable of repetition yet evading review" exception to the mootness doctrine. This doctrine applies only in exceptional situations. To fit within this exception, an inmate who has been transferred out of a particular complained of facility "must show either a 'demonstrated probability' or a 'reasonable expectation' that he would be transferred back to [the

facility] or released and reincarcerated there." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). Plaintiff does not allege a demonstrated probability or reasonable expectation that he would be transferred back to the Fannin County Detention Center. *See Roussel v. Walker*, No. 5:20CV110, 2021 WL 851495, at *2 (E.D. Tex. Jan. 19, 2021) ("The Fifth Circuit has held that an inmate's transfer to another unit renders his claims for declaratory and injunctive relief moot, unless he can show a reasonable likelihood that he will be transferred back to the facility and again subjected to the allegedly unconstitutional actions."), *report and recommendation adopted*, No. 520CV00110RWSCMC, 2021 WL 848355 (E.D. Tex. Mar. 5, 2021); *Shafer v. Collier*, No. 6:19CV114, 2020 WL 6482983, at *8 (E.D. Tex. July 30, 2020) (where a plaintiff "offers nothing beyond conclusions and speculation" that he could be transferred, the "capable of repetition yet evading review" exception to the mootness doctrine does not apply), *report and recommendation adopted*, No. 6:19-CV-114-JDK-KNM, 2020 WL 5361847 (E.D. Tex. Sept. 8, 2020); *Barnes v. Givens*, No. SA-17-CV-01071-XR, 2020 WL 1957554, at *4 (W.D. Tex. Apr. 22, 2020) (plaintiff's transfer back to the complained of facility is too speculative to establish that the "capable of repetition yet evading review" exception applies).

*Exhaustion of Administrative Remedies*

Plaintiff next argues he cannot show exhaustion because he was denied the opportunity and forms necessary to pursue his administrative remedies (Dkt. #70 at pp. 2–3, 5–7). Pursuant to the PLRA, prisoners must exhaust their administrative remedies before filing suit. *Jones v. Bock*, 549 U.S. 199, 202 (2007). The PLRA imposes a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. *Emanuel v. Carden*, No. 3:15-CV-667-M (BT), 2018 WL 3054688, *2 (N.D. Tex. May 29, 2018) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir.

5

2003)), *report and recommendation adopted*, No. 3:15-CV-667-M (BT), 2018 WL 3046205 (N.D. Tex. June 20, 2018). An inmate's failure to exhaust administrative remedies is sufficient to support dismissal of the inmate's lawsuit. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

Plaintiff asserts the exhaustion requirement is in applicable because his efforts were hindered by "wrongdoing or refusal to make necessary information and forms available" (Dkt. #70 at p. 6). Plaintiff, without specificity, advances that his exhaustion efforts continue to be thwarted to this day (Dkt. #75 at pp. 3–5). The Government in response dissects each of the cases Plaintiff cites, distinguishing each, and identifying that much of the conduct Plaintiff points to as his efforts to exhaust occurred *after* he filed the instant suit (Dkt. #73 at pp. 4–8). Further to this point, Plaintiff's sworn Declaration states he did file a BOP administrative remedy request, but only once he arrived at FCI Florence (Dkt. #63-2 at pp. 3–4). At FCI Florence, Plaintiff received a response from his request, and the administrative remedy coordinator confirmed receipt of such request on December 28, 2020 (Dkt. #63-2 at p. 10). The Government summarizes the timeline of Plaintiff's exhaustion efforts, arguing that they are both insufficient and procedurally defective:

> The timing is important. Plaintiff was transferred to FCI Florence in September 2020. (Dkt. No. 69, Recommendation). Soon thereafter, on October 23, 2020, he moved to amend his complaint to add RD Baltazar and USM Garrison as parties and asserted claims against them in their official capacities (though unclear at the time). (Dkt No. 23, Motion to Amend). He filed his First Amended Complaint adding them as parties on November 13, 2020. (Dkt. No. 28, First Amend. Compl.). Yet according to his own declaration (submitted in response to the Federal Defendants' Motion to Dismiss), Plaintiff submitted his first informal requests for relief regarding his hernia to BOP staff in December 2020 and his first formal Request for Administrative Remedy on December 21, 2020 (received by the BOP's Administrative Remedy Office on December 28, 2020). (Dkt. No. 55-1, BOP Grant Decl., ¶ 11; Dkt. No. 63-2, Rowland Decl., ¶ 5). These documents show that, contrary to Plaintiff's claim, BOP staff responded to each of Plaintiff's requests. *Id.* But more importantly, they show that Plaintiff did not even begin to invoke the BOP's administrative-remedy process, let alone properly complete it, until December 2020 — after he filed his action against RD Baltazar/the BOP in November 2020.

6

(Dkt. #73 at p. 5). Plaintiff did not exhaust his administrative remedies before filing this action against RD Baltazar and USM Garrison in November 2020. Nothing beyond Plaintiff's vague accusations suggests Defendants prevented Plaintiff from timely pursuing administrative remedies. Even if he had, any frustration Plaintiff experienced while housed at Fannin County does not excuse his failure to exhaust once he was housed at another facility. *See Lindsey v. White*, No. CA C-10-364, 2011 WL 1770822, at *3 (S.D. Tex. Apr. 7, 2011) (citing *Dillon v. Rogers*, 596 F.3d 260, 267–68 (5th Cir. 2010)) ("The fact that plaintiff was then transferred to different facilities does not excuse exhaustion. Indeed, if impediments to filing grievances render remedies unavailable at one facility, remedies may become available again once a prisoner has been transferred."), *report and recommendation adopted sub nom. Lindsey v. Coastal Bend Det. Ctr.*, No. CIV.A. C-10-364, 2011 WL 1753487 (S.D. Tex. May 9, 2011). Moreover, even if the Court were to agree that Plaintiff's efforts were frustrated and the exhaustion requirement should be excused, which it does not, the Magistrate Judge recommended dismissal on other grounds. For example, as the Government points out, "[n]o specific objections were raised as to the Magistrate Judge's findings and recommendation to dismiss without prejudice Plaintiff's claims against USM Garrison/U.S. Marshal Service ("USMS") both on the constitutional claims alleged and the negligence and gross negligence claims falling under the Federal Tort Claims Act ("FTCA") based on his failure to exhaust administrative remedies under the FTCA" (Dkt. #72 at p. 2).

Finally, Plaintiff objects to the recommendation that his request for additional discovery prior to dismissal be denied (Dkt. #70 at pp. 5–7). A plaintiff is "not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Joiner v. United States*, 955 F.3d 399, 407 (5th Cir. 2020) (citing *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009)). Plaintiff's objection does

not explain how permitting discovery would produce evidence that he has exhausted his administrative remedies prior to filing the instant suit.  The Magistrate Judge also did not convert the Government's Motion to Dismiss into a motion for summary judgment as alleged (Dkt. #69 at p. 7, n. 4).  Courts in this circuit are often asked to consider the issue of exhaustion at the motion to dismiss stage.  *See Branough v. Moore*, No. 4:11CV823, 2012 WL 7827536, at *2 (E.D. Tex. Aug. 28, 2012) (citing *Carbe*, 492 F.3d at 328) ("the Fifth Circuit added that after *Jones v. Bock*, a complaint is still subject to dismissal for failure to state a claim where the prisoner's failure to exhaust appeared on the face of the complaint"), *report and recommendation adopted*, No. 4:11CV823, 2013 WL 1313158 (E.D. Tex. Mar. 28, 2013).  Plaintiff does not show that the Magistrate Judge applied the wrong legal standard for a Rule 12(b)(1) attack on the Court's subject matter jurisdiction or that dismissal based on failure to exhaust is improper at the motion to dismiss stage.  Plaintiff's objections are overruled.

## CONCLUSION

Having considered Plaintiff Dustin Alan Rowland's Objection (Dkt. #70), the Government's Response (Dkt. #73), and Plaintiff's Reply (Dkt. #75), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #69) as the findings and conclusions of the Court.  Accordingly,

It is therefore **ORDERED** that Defendants' Motion to Dismiss (Dkt. #55) is **GRANTED**.

It is further **ORDERED** that Plaintiff's claims against USM Garrison and RD Baltazar are **DISMISSED WITHOUT PREJUDICE**.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

  **SIGNED this 13th day of January, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE